**W. Dow HAMM III and Dow Hamm III Corporation, Appellants,**

v.

**MILLENNIUM INCOME FUND, L.L.C., Appellee.**

No. 01–03–01209–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 28, 2005.

Jeff Nobles, Beirne, Maynard & Parsons, L.L.P., Houston, for Appellants.

William P. Maines, Paul J. Franzetti, McDade, Fogler, Maines, L.L.P., Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HIGLEY.

## OPINION

TIM TAFT, Justice.

Appellants, W. Dow Hamm III and Dow Hamm III Corporation (together, "the Hamm parties"), appeal the trial court's final judgment in favor of appellee, Millen-nium Income Fund, L.L.C. ("Millennium"), entered upon confirmation of an arbitration award. The Hamm parties simultaneously challenge the confirmation of the arbitration award and the denial of their post-judgment motion to vacate or to modify the arbitration award. We determine whether the Hamm parties' motion to vacate the arbitration award was untimely, so that the trial court erred neither in overruling the motion nor in confirming the arbitration award. We affirm.

## Background [1]

In the late 1990s, Millennium and the Hamm parties formed seven limited partnerships for the purpose of developing seven hotels. Dow Hamm III Corporation was the general partner, and W. Dow Hamm III and Millennium were limited partners. The partnership agreements contained identical arbitration provisions.

The parties' relationship eventually deteriorated, Millennium alleged (and the Hamm parties denied) because the Hamm parties had made unauthorized payments to Dow Hamm III Corporation. In March 2003, Millennium sued the Hamm parties, seeking a temporary restraining order and temporary and permanent injunctive relief to prevent the Hamm parties from "making further unauthorized payments to themselves and others" while the parties pursued the arbitration required by their partnership agreements.

Arbitration proceeded, with the arbitration hearing taking place from July 14, 2003 until July 17, 2003. The arbitrator rendered his award, and the award was transmitted to the parties, on August 25, 2003. Among other things, the arbitrator

1. Many of the factual statements in the parties' briefs come from the arbitration record (contained in the fourth supplemental clerk's record), which, for the reasons discussed be-low, it is not clear that we may consider on appeal. Our factual discussion thus includes only those matters shown by other portions of the reporter's and clerk's records.

ordered an accounting of the partnerships, expelled Dow Hamm III Corporation as the general partner, permanently enjoined the Hamm parties from taking certain actions, ordered the Hamm parties to pay actual damages of $700,000 and exemplary damages of $150,000, ordered the limited partners to agree on a new general partner within 90 days or face dissolution of the partnerships, and ordered that each party bear its own attorney's fees and arbitration expenses.

On August 29, 2003, Millennium moved to confirm the arbitration award. The confirmation hearing was set for September 5, 2003. On September 2, 2003, the Hamm parties moved for a continuance of the confirmation hearing,[2] stating, in pertinent part, as follows:

[The Hamm parties] respectfully request a continuance on Millennium's application for confirmation of the arbitration award because they intend to prepare and present motions to vacate and/or modify the arbitration award pursuant to Texas Civil Practice and Remedies Code, Sections 171.088 and 171.091. These statutes allow applicants to contest arbitration awards within ninety (90) days of the date the applicant receives a copy of the award. Although Respondents do not anticipate needing ninety (90) days to properly contest the arbitration award, they do request a reasonable amount of time to do so. Arbitration in this matter was lengthy, lasting four (4) days. Numerous witnesses testified. Four (4) volumes of transcribed testimony were generated and over one thousand (1,000) pages of exhibits were introduced. Respondents contend there are substantial factual and legal errors in the award and would respectfully request thirty (30) days to properly prepare their motions to contest the arbitration award prior to it[s] being confirmed by this Court under Section 171.087.

The trial court denied the Hamm parties' motion for continuance without specifying grounds on September 5, 2003, the date on which the court also heard Millennium's confirmation motion. We have no reporter's record from the September 5 confirmation hearing, and nothing in our record indicates what the parties and court might have discussed concerning the continuance motion at that hearing. The clerk's record contains no written objection to confirmation of the award, or any motion to vacate or to modify the award, filed by the Hamm parties at that time; of course, as their continuance motion indicated, neither did the Hamm parties file any of the arbitration record at that time. At the September 5 hearing, the trial court entered a final judgment confirming the arbitration award and rendered judgment against the Hamm parties.

On October 3, 2003, the Hamm parties filed a "motion to vacate or modify judgment and arbitration award." They also filed the record and exhibits from the arbitration proceeding on the same date. Millennium responded to the Hamm parties' motion to vacate or to modify the judgment and award, asserting, in part, that that motion was untimely for having been filed after final judgment confirming the award. In their post-judgment motion attacking the judgment and arbitration award, the Hamm parties did not complain about the trial court's denial of their motion for continuance of the confirmation hearing, but instead challenged the merits of the arbitration award on contractual and statutory grounds. *See* 9 U.S.C.S. §§ 10–

---

**2.** The appellate record did not contain the Hamm parties' motion for continuance until they supplemented the record with that motion after oral argument in this cause.

11 (West 1997 & Supp.2005) (allowing for vacating, modifying, or correcting arbitration award under certain circumstances); TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.088, 171.091 (Vernon 2005) (same).[3] The Hamm parties' motion did not refer to the arbitration record and exhibits, and neither the Hamm parties nor the trial court specifically referred to the arbitration record and exhibits at the brief hearing on the Hamm parties' post-judgment motion. At the end of the hearing, the trial court denied the motion to vacate or to modify the judgment and award without stating its reasons.

### Post–Judgment Motion to Vacate or to Modify

In three issues, the Hamm parties attack the merits of the arbitration award on various statutory and contractual grounds.

### A. Statutes Governing Confirmation of Arbitration Awards

Concerning confirmation of arbitration awards, the FAA and the TAA provide in pertinent part as follows:

§ 9. Award of arbitrators; confirmation; jurisdiction; procedure

*[A]t any time* within one year after the award is made any party to the arbitration may apply to the court ... for an

order confirming the award, and thereupon the court *must grant* such an order *unless* the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title....

9 U.S.C.S. § 9 (West 1997) (emphasis added).

§ 171.087. Confirmation of Award

*Unless grounds are offered* for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, *shall confirm* the award.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005) (emphasis added).

### B. Statutes Governing Vacating, Modifying, or Correcting Arbitration Awards

Concerning vacating, modifying, or correcting arbitration awards, the FAA and the TAA provide in pertinent part as follows:

§ 10. Same; vacation; grounds; rehearing

(a) In any of the following cases the United States court in and for the district wherein the award was made *may make* an order vacating the award upon the application of any party to the arbitration—

---

**3.** The parties' arbitration agreement provided that the Federal Arbitration Act ("FAA") would apply to arbitration of their disputes, although the agreement did not expressly mention whether the FAA applied to confirmation of the award. *See* 9 U.S.C.S. §§ 1–16 (West 1997 & Supp.2005). The parties moved for confirmation of, and for vacatur or modification of, the arbitration award under the Texas General Arbitration Act ("TAA"). *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–.098 (Vernon 2005). However, on appeal, they assert that the FAA applies to the merits of the rulings granting the motion to confirm and denying the motion to vacate or to modify the arbitration award. Parties may validly

contract for application of the FAA. *See In re Kellogg Brown & Root,* 80 S.W.3d 611, 617 (Tex.App.-Houston [1st Dist.] 2002, orig. proceeding). However, we also note that Texas procedure applies even when the FAA applies substantively. *See J.D. Edwards World Solutions Co. v. Estes, Inc.,* 91 S.W.3d 836, 839 (Tex.App.-Fort Worth 2002, pet. denied). We need not determine whether confirmation of an award—particularly, at what time a party must file a motion to vacate, to modify, or to correct an award after a motion to confirm the award has been filed—is procedural or substantive or which act applies because our conclusion would be the same under either act.

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly exercised them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.S. § 10 (West 1997) (emphasis added).

§ 11. Same; modification or correction; grounds; order

In either of the following cases the United States court in and for the district wherein the award was made *may make* an order modifying or correcting the award upon the application of any party to the arbitration—

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order *may modify and correct* the award, so as to effect the intent thereof and promote justice between the parties.

*Id.* § 11 (West 1997) (emphasis added).

§ 12. Notice of motions to vacate or modify; service; stay of proceedings

Notice of a motion to vacate, modify, or correct an award *must be served* upon the adverse party or his attorney *within three months* after the award is filed or delivered . . . .

*Id.* § 12 (West 1997) (emphasis added).

§ 13. Papers filed with order on motions; judgment; docketing; force and effect; enforcement

. . .

*The judgment so entered shall have the same force and effect,* in all respects, *as,* and be subject to all the provisions of law relating to, *a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.*

*Id.* § 13 (West 1997) (emphasis added).

§ 171.088. Vacating Award

(a) On application of a party, the court *shall vacate* an award if:

(1) the award was obtained by corruption, fraud, or other undue means;

(2) the rights of a party were prejudiced by:

(A) evident partiality by an arbitrator appointed as a neutral arbitrator;

(B) corruption in an arbitrator; or

(C) misconduct or wilful misbehavior of an arbitrator;

(3) the arbitrators:

(A) exceeded their powers;

(B) refused to postpone the hearing after a showing of sufficient cause for the postponement;

(C) refused to hear evidence material to the controversy; or

(D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that

substantially prejudiced the rights of a party; or

(4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

(b) A party *must* make an application under this section *not later than the 90th day* after the date of delivery of a copy of the award to the applicant....

(c) If the application to vacate is denied and a motion to modify or correct the award is not pending, the court *shall confirm* the award.

TEX. CIV. PRAC. & REM.CODE ANN. § 171.088 (Vernon 2005) (emphasis added).

§ 171.091. Modifying or Correcting Award

(a) On application, the court *shall modify or correct* an award if:

(1) the award contains:

(A) an evident miscalculation of numbers; or

(B) an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the arbitrators have made an award with respect to a matter not submitted to them and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

(b) A party *must* make an application under this section *not later than the 90th day* after the date of delivery of a copy of the award to the applicant.

(c) If the application is granted, the court *shall modify or correct* the award to effect its intent *and shall confirm* the award as modified or corrected. If the application is not granted, the court *shall confirm* the award.

*Id.* § 171.091 (Vernon 2005) (emphasis added).

§ 171.092. Judgment on Award

(a) On granting an order that confirms, modifies, or corrects an award, the court *shall* enter a judgment or decree conforming to the order. *The judgment or decree may be enforced in the same manner as any other judgment or decree.*

*Id.* § 171.092(a) (Vernon 2005) (emphasis added).

### C. Discussion

#### 1. The Statutory Language

■ We begin by examining the statutory language. *See Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). Both the FAA and TAA require the trial court to confirm an arbitration award *unless* "grounds are offered for vacating, modifying, or correcting an award" (TAA) or the award "is vacated, modified, or corrected" (FAA). *See* 9 U.S.C.S. § 9; TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005). Under these provisions, confirmation is the default result unless a challenge to the award has been or is being considered. *See id.* These provisions thus imply a due order of consideration: they contemplate that any motions to vacate, to modify, or to correct the award must be pending before the court for its consideration, or must already have been ruled on, at the time that the court considers the motion to confirm. *See Robinson & Wells, P.C. v. Warren,* 669 P.2d 844, 847–48 (Utah 1983).[4]

4. The *Warren* court reasoned:

Section 15 directs that the court "shall grant" the order confirming the award "un-

Additionally, the TAA provides that (1) if the court denies a motion to vacate, to modify, or to correct an arbitration award, it must confirm the award and (2) if the court grants a motion to modify or to correct an award, it must confirm the award as modified or corrected. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.088(c), 171.091(c). Taken together with the section requiring confirmation unless statutory grounds not to do so are shown, sections 171.088(c) and 171.091(c) also indicate that motions to modify, to vacate, and to correct an arbitration award should be heard either before or simultaneously with motions to confirm the award.

Finally, both the FAA and the TAA provide that a judgment confirming (or modifying or correcting) an arbitration award is a final judgment like any other. *See* 9 U.S.C.S. § 13 ("The judgment so entered shall have the same force and effect ... as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."); TEX. CIV. PRAC. & REM.CODE ANN. § 171.092(a) (providing that, when court "grant[s] an order" confirming, modifying, or correcting arbitration award, court "shall enter a judgment or decree conforming to the order," and judgment or decree "may be enforced in the same manner as any other judgment or decree."). Consequently, *requiring* a trial court to consider a motion, filed for the first time after judgment, that seeks to vacate, to modify, or to correct that judgment—in effect the Hamm parties' position because they argue that a trial court would abuse its discretion by *not* considering such a motion filed at that time—could, in certain circumstances, interfere with the same judgment's enforcement and with the presumption of finality that third parties, such as title companies and creditors, are entitled to place upon it. *See Martin v. Hydraulic Fishing Supply, Inc.*, 66 Wash.

less the award is vacated, modified or corrected" provided in sections 16 and 17. *In context, including the specific requirement of written notice to the adverse party, this section apparently contemplates that any motions to vacate, modify, or correct will be before the court when it rules on the motion to confirm....*

This construction is further confirmed by the provision directing entry of a conforming judgment or decree upon granting of an order "confirming, modifying, correcting or vacating an award," § 78–31–19, *since that direction apparently contemplates that the court would consider such motions together rather than in succession.* Otherwise, the procedures, hearings, and action of the court in the motion to confirm could be held for naught and the whole process repeated. We do not readily infer a legislative intent to squander scarce judicial time in this manner. *Although there is no express provision to this effect, we hold that the fair intendment of the Arbitration Act bars the filing of motions under sections 16 and 17 once the court has entered a judgment confirming the award under section 15.*

This construction facilitates the limited scope of review and the considerations of finality sought to be served by our policies on judicial review of arbitration awards. *Robinson & Wells, P.C. v. Warren*, 669 P.2d 844, 847–48 (Utah 1983) (citations and footnotes omitted; emphasis added).

The Hamm parties argue that we may not consider the *Warren* court's holding because, in that case, the appellant moved to vacate the award not only after judgment, but outside the three-month statutory period for filing such motions. *See id.* at 845. Although the *Warren* court itself noted this fact, that was not the primary basis for its disposition; rather, the court identified this as an *additional* basis to deny appellate relief. *Id.* at 848 n. 6. That additional basis, however, was separate from, and did not convert into dictum, the *primary* basis for the court's holding: that a motion to vacate could not, under the statutes' plain language, be brought after judgment confirming the award had been rendered. *Id.* at 847–48 (discussing the two bases separately, the filed-outside-statutory-time-limit basis being noted only in footnote as alternative ground for disposition).

App. 370, 378, 832 P.2d 118, 123 (Wash. App.1992) (Forrest, J., concurring, joined by Webster, A.C.J.) (noting same problems if motion to vacate is considered after judgment confirming arbitration award). Put simply, we doubt that the respective legislative branches intended to require a trial court to consider such a motion when it is filed for the first time during a period that they also expressly designated for the judgment's enforcement. Additionally, requiring a court to consider a motion to vacate filed after judgment, but before the statutory 90–day or three-month period expires, could also create "unique exception[s] to the normal rules governing the modification and amendment of judgments" by, in effect, extending a trial court's plenary power to consider post-judgment motions beyond 30 days, in conflict with the procedural rules applicable to all other judgments. *Id.*, 66 Wash.App. at 379, 832 P.2d at 123 (Forrest, J., concurring); *see* Tex.R. Civ. P. 329b(a), (g). This would be an odd result indeed for a judgment that, by express statutory declaration, is to be treated like any other final judgment. *See* 9 U.S.C.S. § 13; Tex. Civ. Prac. & Rem.Code Ann. § 171.092(a).

### 2. The Case Law

The scant case law on the issue conflicts. However, we conclude that the better reasoned authority supports our reading of the statutes. Moreover, the only Texas authority on this issue necessitates today's holding.

Although both the FAA and TAA allow a party who wishes to challenge an arbitration award a certain period to move to vacate, to modify, or to correct an arbitration award,[5] courts have held that that period of time represents a maximum, not an absolute period upon which the chal-

lenging party may always rely. *See The Hartbridge*, 57 F.2d 672, 673 (2nd Cir. 1932) (holding, under FAA, that party seeking to confirm arbitration award may do so even before expiration of three-month period in which party challenging award is allowed to move to vacate, to modify, or to confirm award, thus, if party moves for confirmation before three-month period ends, other party must raise any challenges then, too); *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 520–21 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (adopting holding and analysis in *The Hartbridge* in case in which TAA applied); *see also Clearwater v. Skyline Constr. Co.*, 67 Wash.App. 305, 315, 835 P.2d 257, 263 (Wash.App.1992, rev. denied) (regarding statutory three-month period in which to move to vacate arbitration award, stating, "This could be read to mean that 3 months is the *maximum* period in which a motion to vacate may be filed, not that the 3–month period is available in every situation. Generally, when a motion to confirm an arbitration award is filed within the 3–month period, the motion to vacate should also be brought at that time so that the two motions can be heard together.") (citations omitted; emphasis in original). That is, one party's motion to confirm the award "puts the other party to his objections" to the award then and there, even if time remains on the statutory period in which the challenger would otherwise be entitled to move to vacate, to modify, or to correct the award. *The Hartbridge*, 57 F.2d at 673; *see Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2nd Cir.1984) (describing the holding in *The Hartbridge* as follows: "On appeal, we ... held that one party's motion to confirm an arbitration award imposes on the other party an obligation to

---

**5.** *See* 9 U.S.C.S. § 12 (three months); Tex. Civ. Prac. & Rem.Code Ann. §§ 171.088(b), 171.091(b) (90 days).

move to vacate if he intends to do so."); *C.L. Winter*, 886 S.W.2d at 521 (quoting the above-referenced holding of *The Hartbridge* with approval); *see Warren*, 669 P.2d at 846–48 (concluding that relevant statutory provisions contemplated that motions to vacate, to modify, or to correct arbitration award be before court when it rules on motion to confirm).

■ Going a step further, at least one federal court has held that, if a party moves to confirm the arbitration award, then the party opposing the award may not "idly stand by, allow the award to be confirmed and judgment thereon entered, and then move to vacate the award just as though no judgment existed." *The Hartbridge*, 57 F.2d at 673.[6] Some of the limited state authority on the matter concurs

that a motion to vacate, to modify, or to correct an arbitration award must be filed before a judgment confirming the award is entered. *See Warren*, 669 P.2d at 847–48; *see also Clearwater*, 67 Wash.App. at 315, 835 P.2d at 263. *But see Federated Servs. Ins. Co. v. Estate of Norberg*, 101 Wash. App. 119, 123, 4 P.3d 844, 847 (Wash.App. 2000); *Martin*, 66 Wash.App. at 373–74, 832 P.2d at 120. Once the arbitration award has been confirmed without challenge and final judgment has been rendered thereon, "the award can be vacated only if the judgment can be [vacated], and to vacate the judgment an adequate excuse must be shown for not having presented objections to the award when the motion to confirm was heard." *The Hartbridge*, 57 F.2d at 673; *Clearwater*, 67 Wash.App. at

6. By post-submission letter briefing, the Hamm parties offer three reasons that we not follow *The Hartbridge* court's cited holding. First, they argue that this was not a true holding. However, *The Hartbridge* court understood this discussion as necessary to its ultimate disposition. *See id.*, 57 F.2d at 673 ("[T]he order of confirmation was correct, unless the court abused its discretion in not postponing action on the motion to confirm ... *If confirmation did not preclude the appellant from thereafter moving to vacate the award, there was obviously no prejudicial abuse of discretion in entering the order of confirmation.* The District Court thought such a motion could still be made. With this we cannot agree.") (emphasis added). Moreover, the Second Circuit Court of Appeals has described its conclusion in *The Hartbridge* as a holding. *See Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174 (2nd Cir.1984) ("On appeal [in *The Hartbridge*], we ... *held* that one party's motion to confirm an arbitration award imposes on the other party an obligation to move to vacate if it intends to do so.") (emphasis added). Second, the Hamm parties argue that *The Hartbridge* holding on which we rely has been "mostly ignored or rejected." However, this Court has favorably cited related aspects of *The Hartbridge;* the Second Circuit Court of Appeals, in *Florasynth*, itself has since noted *The Hartbridge's* holding and did not, contrary to the Hamm

parties' assertion, reject any holdings of that case; and even courts that have held contrary to *The Hartbridge* have failed to mention that opinion. From our research, it simply appears that the timing issue itself has rarely surfaced (as demonstrated by the extremely limited authority on the matter, which authority is fairly evenly split), rather than that courts have universally rejected *The Hartbridge's* conclusion. Third, the Hamm parties argue that the authority on which *The Hartbridge* court relied did not support its conclusion. We disagree that this authority did not support *The Hartbridge* court's holding. *See Gaines v. Clark*, 23 Minn. 64, 66 (1876) ("If they had any reason to urge why the award should not stand, they had an opportunity to present it, and it was their duty to present it, when the application to confirm and for judgment was made; and as they failed to do so, without any excuse for such failure, they ought not to be heard after the judgment."); *Brace v. Stacy*, 56 Wis. 148, 150, 14 N.W. 51, 52 (Wis.1882) ("We are clearly of the opinion that the [arbitration] statute contemplates that all motions to vacate or modify the award must be made before the same is confirmed, and judgment entered thereon."). In any event, we believe that the holding of *The Hartbridge* is required in Texas, as explained elsewhere in our opinion, both by statutory language and common sense.

315, 835 P.2d at 263 ("Although we recognize that there may be situations where [filing a motion to vacate] is not possible [at the time that a motion to confirm is filed], we have no way of knowing whether such a situation was present here.").

Under Texas law, we believe that the result reached in *The Hartbridge* is necessitated by *C.L. Winter*, in which this Court held that one must assert a motion to vacate, to modify, or to correct an arbitration award when a motion to confirm is filed, regardless of whether the TAA's 90–day period to challenge the award has expired. *See id.*, 886 S.W.2d at 521. Otherwise, our holding in *C.L. Winter* has no teeth: the requirement that one bring challenges to the arbitration award when a motion to confirm is filed means nothing if one may ignore that requirement with impunity and file a motion to vacate post-judgment, with no reasonable explanation for the delay.

By post-submission letter briefing, the Hamm parties rely on two opinions from the first division of the Washington court of appeals, in which that court held contrary to our holding today. *See Martin*, 66 Wash.App. at 373–74, 832 P.2d at 120; *see also Estate of Norberg*, 101 Wash.App. at 123, 4 P.3d at 847.[7] We respectfully decline to follow these opinions. In *Martin*, for example, the court held, based on what it interpreted to be conflicting statutory provisions that did not expressly speak to this issue, that one could move to vacate, to modify, or to amend an arbitration award for the first time after judg-

ment confirming the award, provided that one did so within the statutory period. *Id.*, 66 Wash.App. at 373–74, 832 P.2d at 120. However, the *Martin* court's basis for this holding was that, "[i]n the absence of any provision explicitly providing that a party's rights ... are limited by the entry of an order confirming the judgment ..., we must conclude that the motion to vacate the judgment here was permissible ...," frankly acknowledging that "we have no basis for understanding what the Legislature's intentions were in establishing this particular statutory scheme [concerning the time for filing a motion to vacate]" and concluding that it was thus "constrained to interpret the statute as we have." *Id.*, 66 Wash.App. at 374, 374 n. 4, 832 P.2d at 120, 120 n. 4. *Martin* was also not a unanimous decision: two justices concurred, expressly disagreeing with the cited holding, and the majority even acknowledged that "the concurrence makes an excellent point concerning the inconsistencies among the various provisions of the statute." *Id.*, 66 Wash.App. at 374 n. 4, 832 P.2d at 120 n. 4; *see id.*, 66 Wash.App. at 377–80, 832 P.2d at 122–23 (Forrest, J., concurring, joined by Webster, A.C.J.). The *Estate of Norberg* court merely relied on *Martin*. *See* 101 Wash.App. at 123, 4 P.3d at 847.

We respectfully disagree with *Martin* and *Estate of Norberg*. First, for the reasons detailed above, we conclude that the FAA, and especially the TAA, imply a due order of consideration. Second, and also as discussed above, we agree instead with

---

7. We note, however, that the same division of this court has at least once indicated that it might reach a contrary conclusion. *See Clearwater v. Skyline Constr. Co.*, 67 Wash. App. 305, 315, 835 P.2d 257, 263 (Wash.App. 1992, rev. denied) (regarding statutory three-month period in which to move to vacate arbitration award, stating, "This could be read to mean that 3 months is the *maximum*

period in which a motion to vacate may be filed, not that the 3–month period is available in every situation. Generally, when a motion to confirm an arbitration award is filed within the 3–month period, the motion to vacate should also be brought at that time so that the two motions can be heard together.") (citations omitted; emphasis in original).

the concerns that Justice Forrest raised in his concurring opinion in *Martin:*

> An arbitration award that is confirmed pursuant to [WASH. STAT. ANN. art. 7.04.150] is entered as a judgment of the court and "has the same force and effect, in all respects as, and is subject to all the provisions of law relating to" any other civil judgment. *The majority rule creates a judgment unlike any other in that it creates the anomaly of permitting, in effect, an appeal from a judgment more than 30 days after it has become final. After confirmation of the award, not only is the judgment creditor entitled to institute garnishment or execution proceedings but third parties, such as title companies and credit bureaus, are entitled to rely on the unappealed judgment. I find that the majority's result is inconsistent with the policy of the finality and integrity of judgments.*
>
> I see no reason to believe that the Legislature intended this unique exception to the normal rules governing the modification and amendment of judgments. Indeed, it is arguable, although not argued, that the majority's interpretation of [WASH. STAT. ANN. art. 7.04.160] results in an encroachment on the rule making authority of the Supreme Court. As interpreted it is, if not in conflict with, at least inconsistent with the civil rules as to judgments including: . . . new trial, reconsideration and amendment of judgments, . . . relief from judgment or order, and . . . time allowed to file notice. Such a result is not required

by the language of the statute and should be avoided.

*Id.,* 66 Wash.App. at 378–79, 832 P.2d at 123 (Forrest, J., concurring) (citations and footnotes omitted). We further agree with the reasoning given by the Utah Supreme Court in reaching the conclusion that we do today:

> This construction is further confirmed by the provision directing entry of a conforming judgment or decree upon granting of an order "confirming, modifying, correcting or vacating an award," . . ., since that direction apparently contemplates that the court would consider such motions together rather than in succession. *Otherwise, the procedures, hearings, and action of the court in the motion to confirm could be held for naught and the whole process repeated. We do not readily infer a legislative intent to squander scarce judicial time in this manner. . . .* This construction facilitates the limited scope of review and the considerations of finality sought to be served by our policies on judicial review of arbitration awards.

*Warren,* 669 P.2d at 848 (emphasis added). This reasoning applies in Texas because here, as elsewhere, (1) the bases for reviewing an arbitration award are limited;[8] (2) the statute provides for expedited consideration of motions to confirm, to vacate, to modify, and to correct an arbitration award;[9] and (3) parties generally agree to arbitrate for the benefit of a speedy, final resolution of their dispute.[10] The Texas policy of expediting arbitration matters is not promoted by allowing a party to seek a "do-over," at a later date, of an award that

---

8.  *See CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 245 (Tex.2002).

9.  *Crossmark, Inc. v. Hazar,* 124 S.W.3d 422, 430 (Tex.App.-Dallas 2004, no pet.); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 171.093 (Vernon 2005).

10.  *See Porter & Clements, L.L.P. v. Stone,* 935 S.W.2d 217, 221 (Tex.App.-Houston [1st Dist.] 1996, no writ).

has already been confirmed, that has been made final and enforceable by statute, and that could have been challenged on the same grounds before confirmation.

### 3. An Analogy

■ Because a statute makes a judgment confirming an arbitration award final and enforceable like any other judgment, our conclusion is further supported by analogous authority concerning affirmative defenses. An affirmative defense "seeks to establish an independent reason that the plaintiff should not recover" and is "thus [a defense] of avoidance, rather than a defense in denial"; that is, it is a defense of confession and avoidance. *In re C.M.*, 996 S.W.2d 269, 270 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 683 (Tex.App.-Austin 2002, pet. denied). The statutory grounds for vacating, modifying, or correcting an arbitration award under either statute are in the nature of affirmative defenses because the party asserting these grounds implicitly *confesses* the existence of an arbitration award, but nonetheless seeks to *avoid* its effect by asserting an independent reason that the award should not be enforced. Like Rule of Civil Procedure 94,[11] which expressly requires pre-judgment pleading of affirmative defenses and "matter[s] constituting an avoidance" in other contexts, the FAA and TAA also contemplate (as discussed above) a due order of pleading with respect to motions to confirm, to vacate, to modify, or to correct, requiring a party challenging an award to raise its challenge before final judgment. This requirement makes sense given that the statutory grounds for vacatur, modification, and correction are matters—like those governed, by analogy, by rule 94—of confession and avoidance.

■ An affirmative defense that is not pleaded or proved and on which findings are not obtained is waived and cannot be preserved by raising the affirmative defense for the first time in a motion for new trial. *In re C.M.*, 996 S.W.2d at 270; *Tien Tao Ass'n, Inc. v. Kingsbridge Park Cmty. Ass'n*, 953 S.W.2d 525, 532 (Tex. App.-Houston [1st Dist.] 1997, no pet.); *see Glover v. State*, 171 Tex.Crim. 156, 346 S.W.2d 121, 122 (1961) ("A litigant is not permitted during a trial on the merits to remain silent as to affirmative defenses known to him, and then when an adverse result is reached, on motion for new trial complain because of his own neglect."); TEX.R. CIV. P. 94. Likewise, a trial court cannot abuse its discretion in overruling a motion for new trial raising an untimely affirmative defense. *Cf. id.* By analogy, then, a party that moves to vacate, to modify, or to correct an arbitration award, and adduces evidence in support, only *after* the award has been confirmed and final judgment rendered has waived that challenge—or, at least, a trial court does not abuse its discretion if it overrules such a post-judgment motion. *Cf. In re C.M.*, 996 S.W.2d at 270.

This analogy to the law of affirmative defenses is particularly appropriate given that both the FAA and the TAA contemplate that a judgment confirming (or modifying or correcting) an arbitration award is final and enforceable like any other. *See* 9 U.S.C.S. § 13; TEX. CIV. PRAC. & REM.CODE ANN. § 171.092(a). If a judgment confirming an arbitration award is final like any other, then, as it is required to do with any other judgment, a party must raise (and prove, if evidence is necessary) its confession-and-avoidance defenses before judgment.

---

11. *See* TEX.R. CIV. P. 94.

## 4. Application of the Above Law to the Facts

Here, the record does not show that the Hamm parties challenged the arbitration award on the merits until after the award was confirmed and final judgment rendered. In its written response to the Hamm parties' motion to vacate or to modify, Millennium argued, citing *The Hartbridge* and *C.L. Winter*, that the Hamm parties had filed their motion too late and that the motion should be overruled for that reason. We agree with this proposition. A motion to vacate, to modify, or to correct an arbitration award must be raised or considered before or simultaneously with a motion to confirm the award. *See The Hartbridge*, 57 F.2d at 673; *Warren*, 669 P.2d at 847–48; *cf. C.L. Winter*, 886 S.W.2d at 521. The Hamm parties did not do this.

By post-submission letter briefing, the Hamm parties argue that their post-judg-ment motion to vacate was, in effect, rendered timely by the filing of their pre-judgment, unverified motion for continuance, which "inform[ed] the trial court of [their] intent to file a motion to vacate." Likewise, by post-submission amended brief,[12] the Hamm parties have assigned error to the trial court's denial of their continuance motion.

■■■■ Case law indicates that, once an arbitration award has been confirmed without challenge and final judgment has been rendered, "the award can be vacated only if the judgment can be [vacated], and to vacate the judgment an adequate excuse must be shown for not having presented objections to the award when the motion to confirm was heard." *The Hartbridge*, 57 F.2d at 673; *see Clearwater*, 67 Wash.App. at 315, 835 P.2d at 263. We review a ruling on a motion for continuance for abuse of discretion.[13] *See BMC Software*

---

12. In the interest of justice, we granted the Hamm parties' opposed, post-submission motion to amend their opening brief to assert a challenge to the denial of their continuance motion. *See* Tex.R.App. P. 38.7.

13. By post-submission letter briefing, the Hamm parties assert that the mere filing of their motion for continuance sufficed to "preserve" their right to file a motion to vacate or to modify the award after the trial court confirmed the award. The Hamm parties' position would, in effect, avoid a determination of whether the trial court abused its discretion in denying their continuance motion: if all that one needs to do *before judgment* is merely to advise the trial court, by moving for more time to do so, that it will file a motion to vacate *after judgment*, then it is irrelevant whether the trial court abused its discretion in denying the continuance motion, and one may still move to vacate the award post-judgment. This is not the law in Texas. *See Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 322–23 (Tex.App.-Dallas 1999, no pet.) (holding that abuse-of-discretion standard applies in reviewing continuance motion made in conjunction with motions to confirm and to vacate arbitration award).

The Hamm parties' reliance on *The Hartbridge* for their position is unavailing because, in that case, as the court itself noted, the record revealed that the trial court had incorrectly assumed that it had *no* discretion to grant a continuance. *See id.* 57 F.2d at 673. Because the district court had declined to exercise *any* discretion on the motion to continue the confirmation hearing, the appellate court reversed the judgment and remanded for a new hearing. *See id.* That is not the case here. Moreover— and unlike here—the appellant in *The Hartbridge* must have assigned error on appeal to the denial of its continuance motion because the court considered that issue on the merits. *See id.* The Hamm parties also rely on *Paley Associates, Inc v. Universal Woolens, Inc.* in support of their position. 446 F.Supp. 212, 215–16 (S.D.N.Y.1978). The *Paley* court interpreted a pre-confirmation continuance motion as an "objection to the confirmation of the arbitration award" and concluded that the movant had thereby "preserved its right to move later to vacate the confirmation. . . ." *Id.* In Texas, however, the appellate court looks to whether the trial court abused its discretion in deny-

*Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex.2002); *Thomas James Assocs., Inc. v. Owens,* 1 S.W.3d 315, 322 (Tex.App.-Dallas 1999, no pet.) (so holding with respect to continuance motion made in conjunction with motions to confirm and to vacate arbitration award). A trial court abuses its discretion when its decision is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Marchand,* 83 S.W.3d at 800.

▪ Here, the Hamm parties' continuance motion was not verified or accompanied by affidavit, contrary to rule. *See* TEX.R. CIV. P. 251 ("... nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law.").[14] For this reason alone, the trial court did not abuse its discretion in overruling the continuance motion. *See Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986) ("Generally, when movants fail to comply with TEX.R. CIV. P. 251's requirement that the motion for continuance be 'supported by affidavit,' we presume that the trial court did not abuse its discretion in denying the motion."); *cf. N. State Constr. Co. v. Banchero,* 63 Wash.2d 245, 248, 386 P.2d 625, 627 (1963) (holding that trial court did not abuse its discretion in de-

nying motion to continue hearing to confirm and to vacate arbitration award, when continuance was sought for preparation of statement of facts from arbitration proceeding, when continuance motion did not comply with statute requiring such motion to be supported by affidavit showing materiality of sought-after evidence and due diligence).

Additionally, their continuance motion neither explained on which statutory grounds for vacating or modifying they might rely,[15] nor explained how the arbitration materials for which they needed the continuance were relevant and material to those grounds—even though the counsel who filed the continuance motion also represented the Hamm parties at arbitration. *Cf. Banchero,* 63 Wash.2d at 248, 386 P.2d at 627 ("Appellants were in a good position to comply with all of these requirements [of supporting their continuance motion with affidavit showing materiality of sought—after evidence, among other matters] as they were, or should have been, familiar with the evidence presented to the board of arbitrators."). This is important because (1) the trial court already had the arbitration agreement, Millennium's arbitration demand filed with the American Arbitration Association, and the

ing a continuance motion for the reasons stated in that motion. *See Owens,* 1 S.W.3d at 322–23.

14. Rule 251 applied to the Hamm parties' motion, even in this special statutory proceeding, because the TAA does not provide its own procedure for motions to continue consideration of a motion to confirm, to vacate, to modify, or to correct arbitration awards. *See* TEX.R. CIV. P. 2 ("These rules shall govern the procedure in the ... district courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated."); *id.* ("The 1943 and 1947 amendments make clear the inapplicability of the rules to special statutory proceedings, *insofar as statutory rules of procedure are specifically*

*prescribed for such proceedings and differ from these rules.* These special proceedings appear under the following titles in the Revised Civil Statutes: ... arbitration....") (commentary, 1966) (emphasis added); TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001–.098 (Vernon 2005) (not providing for procedure for motions to continue consideration of motions to confirm, to vacate, to modify, or to correct arbitration awards).

15. The motion cited only generally the TAA's provisions concerning vacating and modifying or correcting arbitration awards, arguing simply that "there are substantial factual and legal errors in the award," without further specificity.

arbitration award before it, by virtue of previously filed pleadings and motions, and (2) some statutory grounds for vacating or modifying arbitration awards based on "legal errors" (as the Hamm parties alleged in part) do not *necessarily* require the filing of more than these documents. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.088(3)(A) (providing for vacating award if arbitrators exceeded their authority); *id.*, § 171.091(a)(1)–(3) (providing for modifying or correcting award if it contains evident miscalculation of numbers or evident mistake in description of person, thing, or property to which award refers; arbitrators made award with respect to matter not submitted to them and award may be corrected without affecting decision's merits; or award's form is imperfect in manner not affecting merits); *see Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 430 (Tex.App.-Dallas 2004, no pet.) ("[A]pplications to confirm or vacate an arbitration award should be decided as other motions in civil cases; *on* notice and *an evidentiary hearing if necessary*.") (emphasis added).

Moreover, we have no idea what, if anything, was discussed concerning the continuance motion at the September 5 hearing because we have no record of that hearing. Neither did the Hamm parties ask the court to revisit its continuance ruling at the time that they filed their post-judgment motion to vacate the judgment and award or explain then why the record for which they sought a continuance was es-

sential to the bases for their motion to vacate.[16]

Given this record, we cannot say that the trial court abused its discretion in denying the Hamm parties' continuance motion.

### 5. The Record

Finally, even if we were to reach the merits of the Hamm parties' post-trial motion, it is not at all clear that we could consider the arbitration record and exhibits filed in support. First, the arbitration record and exhibits were not introduced into evidence at the post-judgment hearing; the Hamm parties did not expressly or specifically refer to them in their post-judgment motion to vacate or to modify; nothing shows that the trial court considered the arbitration record and exhibits at the hearing on the Hamm parties' post-judgment motion; and the arbitration materials, like the post-judgment motion in support of which they were produced, were not filed before final judgment. Given these circumstances, nothing shows that the trial court considered the arbitration record and exhibits when it ruled on the Hamm parties' post-judgment motion. *See State v. One (1) 1986 Nissan Auto. V.I.N. JN1HZ14S1GX162301*, 792 S.W.2d 577, 579 (Tex.App.-El Paso 1990, no writ) (holding that letter that was included in clerk's record, but that was not admitted into evidence and that did not appear to have been considered by trial court, could not be considered on appeal), *overruled on other grounds sub nom. State v. $435,000*, 842 S.W.2d 642 (Tex.1992).[17] Indeed, the

---

**16.** In fact, we note that the Hamm parties' motion to vacate urged, in the main, that the arbitrators had exceeded their authority under the arbitration agreements by interpreting the partnership agreements incorrectly and by committing errors of law in doing so. These grounds did not necessarily require the entire arbitration record, which was the rea-

son that the Hamm parties had earlier sought a continuance.

**17.** *Compare Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 n. 2 (Tex.App.-Houston [1st Dist.] 2003, no pet.) ("Here, the trial court announced during the hearing that it could base its decision on the exhibits and testimony from the hearing and also on 'affidavits

trial court would not have abused its discretion in overruling the Hamm parties' post-judgment motion even without first considering the arbitration record and exhibits because the Hamm parties had untimely filed both that motion and their supporting documentation.[18] Simply put, nothing requires a court to consider materials relevant to vacating an arbitration award when those materials are filed along with an untimely motion to vacate and insufficient explanation is offered for the delay. Second, the arbitration materials were not before the trial court at the time that it confirmed the award and rendered final judgment—in effect, the only ruling that we may review on the merits because the motion to vacate or to modify was untimely—and we may generally not evaluate a trial court's rulings based on materials that were not before it at the time that it ruled. *See, e.g., Methodist Hosps. of Dallas v. Tall,* 972 S.W.2d 894, 898 (Tex.App.-Corpus Christi 1998, no pet.) ("It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted.").

## Conclusion

The trial court had no discretion but to confirm the arbitration award if the Hamm

parties did not file a motion to vacate or to modify (or otherwise challenge in any way) the award before the ruling on Millennium's motion to confirm. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087. The Hamm parties did not do so. The trial court was entitled summarily to deny the Hamm parties' untimely post-judgment motion to vacate or to modify and did not have to consider the untimely materials filed in support of that motion. For these reasons and the reasons stated above, we overrule each of the Hamm parties' issues and affirm the judgment of the trial court.

---

filed with the petition' and on 'evidence [sic] provided in [Ahmed's] answer.' No one objected to this stated procedure. The trial court was the fact finder; therefore, its declaring during the evidentiary hearing that it could consider the affidavits was tantamount to its having—rightly or wrongly—admitted those affidavits into evidence. Ahmed's counsel, who now argues that the affidavits did not constitute evidence, implicitly acquiesced in this procedure below...."). It is into this distinguishable category that some of the authority on which the Hamm parties rely falls. *See Air Routing Int'l Corp. (Canada), ARG v. Britannia Airways, Ltd.,* 150 S.W.3d 682, 697 n. 15 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (indicating that court took judicial notice of case-file contents); *Holley v. Holley,* 864

S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (indicating that trial court wrote "inspected by court" on envelope containing documents in its file).

18. For this reason, which did not exist in the cases that the Hamm parties cite, we cannot simply presume that the trial court took judicial notice of its file. *See Attorney Gen'l of Tex. v. Duncan,* 929 S.W.2d 567, 571 (Tex. App.-Fort Worth 1996, no writ) ("[T]he trial court may take judicial notice of its file at any stage of proceedings and is presumed to have done so with or without a request from a party."); *Holley,* 864 S.W.2d at 706 ("We presume the trial court took judicial notice of its files.").