

IN THE
TENTH COURT OF APPEALS

No. 10-18-00202-CV

FIRST TEXAS HOMES, INC.,

Appellant

v.

JEFF PROVOST AND TRACY STRAIN PROVOST,

Appellees

From the 443rd District Court
Ellis County, Texas
Trial Court No. 94961

OPINION

First Texas Homes, Inc. appeals the trial court's confirmation of an arbitration award. Because the trial court had no discretion other than to confirm the arbitration award, the trial court's Final Judgment Confirming Arbitration Award is affirmed.

**BACKGROUND**

First Texas and Jeff and Tracy Provost were involved in a home construction dispute. First Texas moved for arbitration which was granted. The parties participated in arbitration, and as soon as the arbitration award was received a year later, the Provosts

moved for confirmation of the award. A hearing was set for two weeks later. On the day of the hearing, First Texas moved for a continuance. After the hearing, the trial court confirmed the arbitration award and denied First Texas's motion for continuance. On appeal, First Texas raises three questions: whether the trial court may confirm an arbitration award 14 days after the award was delivered to the parties; whether the trial court may confirm a legally deficient arbitration award; and whether the trial court may ignore a post-judgment motion challenging the arbitration award. As did First Texas, we discuss the three questions together.

## CONFIRMING THE ARBITRATION AWARD

First Texas agrees that the Texas Arbitration Act, found in the Texas Civil Practice and Remedies Code, controls how and when a trial court confirms an arbitration award. According to the Act, the trial court can vacate, modify, or correct an arbitration award on a party's application which must be filed **not later than** 90 days after the date a copy of the award is delivered to the party-applicant. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088(b); 171.091(b). First Texas asserts that because the statute gives a party 90 days to file an application, the trial court cannot confirm the award before the 90-day time period has run. The caselaw is contrary to First Texas's position.

The Texas Arbitration Act provides that a trial court "shall confirm an award" unless grounds are offered for vacating, correcting, or modifying the award. *Id*. § 171.087. Thus, confirmation is the default result unless a challenge to the award has been or is being considered; and any motions to vacate, modify, or correct the award must be pending before the trial court for its consideration, or must already have been ruled on,

at the time that the trial court considers the motion to confirm. *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 262 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

The TAA and its federal counterpart, the Federal Arbitration Act, allow a party who wishes to challenge an arbitration award 90 days to move to vacate, modify, or correct an arbitration award; but that period of time represents a maximum, not an absolute period upon which the challenging party may always rely. *Id.* at 264; *see The Hartbridge*, 57 F.2d 672, 673 (2nd Cir. 1932); *City of Baytown v. C.L. Winter, Inc.*, 886 S.W.2d 515, 520-21 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also Clearwater v. Skyline Constr. Co.*, 835 P.2d 257, 263 (Wash. App. 1992, rev. denied). Thus, a party must assert a motion to vacate, modify, or correct an arbitration award by the time the court considers a motion to confirm the award, regardless of whether the 90-day period to challenge the award has expired. *Hamm*, 178 S.W.3d at 266; *see C.L. Winter, Inc.*, 886 S.W.2d at 521. Consequently, a party that moves to vacate, modify, or correct an arbitration award after the award has been confirmed has waived that challenge. *Hamm*, 178 S.W.3d at 268. At the very least, a trial court does not *per se* abuse its discretion if it overrules a post-judgment motion to vacate, modify, or correct an arbitration award. *Id.*

Here, the record does not show that First Texas challenged the arbitration award in the trial court before the trial court confirmed the award. At the hearing on the motion to confirm, First Texas specifically stated to the trial court that it was "not at this point contesting the confirmation of the award." Further, although the trial court told the parties that the court was "going to sign this Final Judgment Confirming the Arbitration

Award, today on the 1st day of June[,]" First Texas did not file anything contesting the arbitration award until one month after the trial court signed the order confirming the award. This was too late[1].

## CONCLUSION

For the reasons expressed herein, because First Texas had no motion to vacate, modify, or correct the arbitration award on file with the trial court prior to the trial court's ruling on the Provosts's motion to confirm, the trial court had no discretion but to confirm the arbitration award even though the TAA's 90-day provision had not expired; and First Texas's post-trial challenge to the arbitration award is waived. Accordingly, each of First Texas's questions on appeal are overruled, and the trial court's Final Judgment Confirming Arbitration Award is affirmed.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed March 11, 2020
[CV06]

---

[1] The parties have not referred us to anything in the arbitration provision in their contract that would give the objecting party a minimum number of days after notification of the arbitration award to file a motion to vacate, modify, or correct the award. As noted, the 90 days in the TAA is a maximum time in which to file such a motion. If the parties also wanted a minimum time period, it is up to them to make that part of the agreement to arbitrate.