In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00191-CV
_____

IN THE INTEREST OF E.H.L.V.

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 19-09-13245-CV

**MEMORANDUM OPINION**

In Texas, a person who signs an acknowledgement of paternity may challenge the acknowledgement based on fraud, duress, or material mistake of fact.[1] That said, for acknowledgments signed before September 1, 2011, the law that applies to suits challenging such authorizations must be filed within four years of the date the person filed the acknowledgment with the Texas Bureau of Vital Statistics.[2] In 2019, E.H.L.V.'s father filed a petition to set aside the acknowledgment of

---

[1]*See* Tex. Fam. Code Ann. § 160.308(a).
[2]*See* Act of May 24, 2005, 79th Leg., R.S., ch. 478, § 1, 2005 Tex. Gen. Laws 1337, 1337 (amended 2011) (current version at Tex. Fam. Code Ann. § 160.308).

1

paternity he signed in 2005. The trial court, however, found the petition untimely after finding that E.H.L.V.'s father failed to file it within four years of the date the acknowledgment was filed with the Bureau of Vital Statistics. E.H.L.V.'s father appealed but has not shown that the trial court applied limitations improperly to his claim to rescind the authorization, so we affirm the trial court's order denying his petition challenging the acknowledgment he executed fourteen years before he filed suit.

Background

In 2005, E.H.L.V.'s Mother, *Elizabeth*, gave birth to E.H.L.V., whom we will call *Aiden*.[3] After Aiden's birth, Aiden's Father, *William,* signed an Acknowledgment of Paternity recognizing that he is Aiden's father.[4] In January 2005, Elizabeth and William filed the form with the Texas Bureau of Vital Statistics.

In September 2019, over fourteen years after signing the acknowledgment, William asked the trial court to set aside the acknowledgment. In the petition, William the authorization "should be

---

[3]Elizabeth and Aiden are pseudonyms not the mother's and child's real names.
[4]William is also a pseudonym.

2

set aside on the basis of fraud, duress, or material mistake of fact." Even so, William never alleged specifics to explain how the fraud, duress or mistake occurred. When Elizabeth answered, she claimed the statute of limitations barred William's petition seeking to rescind the authorization that he signed in 2005.

In August 2020, the trial court called the case for trial. Elizabeth neither appeared nor participated in the trial. Only one witness, William, was called as a witness in the trial. When the trial ended, the trial court denied William's petition, finding William's claim seeking to rescind the acknowledgment untimely because he filed the petition "more than four years after the Acknowledgment of Paternity in this matter was filed[.]" By written order, the trial court denied Father's challenge and denied all other relief that William requested.

After signing the order, William filed a motion for a new trial. In the motion, William alleged that before the trial, Elizabeth had signed an agreed order to set aside the Acknowledgment of Paternity and that by doing so, she waived her statute of limitations defense. William also argued the trial court erred in concluding his claim was barred by the four-year statute of limitations. The trial court denied William's motion for new trial. William filed a timely notice of appeal.

3

By statute, trial courts must conduct proceedings challenging acknowledgments of paternity, which includes proceedings to adjudicate disputes between parties over parentage.[5] An appellate court reviews findings of fact in proceedings adjudicating parentage for abuse of discretion.[6] The test for abuse of discretion is whether the record shows the trial court acted without reference to any guiding rules and principles.[7] On appeal, William argues the trial court erred in concluding that the changes the Legislature made to the Family Code in 2011 do not apply to the Acknowledgment of Paternity that he signed in 2005.

Under Texas law, an abuse of discretion occurs when a trial court "fails to analyze or apply the law correctly."[8] As to the trial court's resolution of disputed issues of fact, we review the evidence the trial court considered in the light that favors the trial court's decision, and we

---

[5]*See* Tex. Fam. Code Ann. § 160.309(d).

[6]*See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Stamper v. Knox*, 254 S.W.3d 537, 542 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

[7]*Worford*, 801 S.W.2d at 109.

[8]*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985) (citing *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding)).

indulge every legal presumption that favors the trial court's judgment.[9] We will uphold the trial court's ruling as long as there is some evidence of a substantive and probative character supporting the ruling.[10]

Analysis

William raises two issues in his appeal. First, he argues that by signing an agreed order to set aside the Acknowledgement of Paternity, Elizabeth waived her statute of limitations defense. We note that William raised that argument for the first time in his motion for new trial. Second, William argues the trial court erred in failing to apply the changes the Legislature made in 2011 to the Family Code retroactively to the Acknowledgment of Paternity that he signed in 2005. According to William, the changes the Legislature made gave him the right to file his petition to rescind the authorization even though he signed it in 2005 and it was filed with the Bureau of Vital Statistics for more than four years before he filed suit.

Turning to William's claim that Elizabeth waived her statute of limitations defense, we note that William never filed pleadings alleging

---

[9] *In the Interest of W.J.B.,* 294 S.W.3d 873, 878 (Tex. App.—Beaumont 2009, no pet.).

[10] *Id.*

waiver before the trial court conducted the hearing and signed an order denying William's petition to rescind the acknowledgment of paternity.[11] During the hearing on the petition, the record reveals that William never mentioned that Elizabeth had signed an agreed order setting aside the acknowledgement of paternity. Moreover, the record does not show that William, before the hearing or during the hearing, ever filed pleadings, argued, or obtained a ruling on his claim that by signing an agreed order, Elizabeth had waived her statute of limitations defense.

Under Texas law, waiver is an affirmative defense.[12] When seeking to raise waiver, a party must plead, prove, and secure findings on the defense.[13] William, however, first raised his claim of waiver in his motion for new trial. By waiting to raise his affirmative defense until he moved for a new trial, William waived his claim that Elizabeth waiver her statute of limitations defense and failed to preserve it by trying to raise it for the first time in a motion for new trial.[14] We overrule William's first issue.

---

[11]Tex. R. Civ. P. 94 (requiring that parties plead waiver as an avoidance to an affirmative defense).

[12]*See id.*

[13]*See In re S.A.P.*, 156 S.W.3d 574, 576-77 (Tex. 2005).

[14]*Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 268 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Turning to William's second issue, he argues the trial court erred by failing to apply the changes the Legislature made in 2011 to section 160.308 of the Family Code to the authorization he signed in 2005. Section 160.308(a), which has been in effect since 2011, provides that even after the period for rescission ends, a party who signs an acknowledgement of paternity may challenge the acknowledgement based on fraud, duress, or material mistake of fact.[15] In 2005, when Father signed the acknowledgment, the law provided proceedings challenging an acknowledgment "must be commenced before the fourth anniversary of the date the acknowledgment . . . is filed with the bureau of vital statistics unless the signatory was a minor on the date the signatory executed the acknowledgment[.]"[16] When the Legislature amended section 160.308 in 2011, it made it clear that as related to section 160.308(a), the changes it was making to the law applied "only to an acknowledgment or denial of paternity that [became] effective on or after the effective date [Sept. 1, 2011] of this Act."[17] For

---

[15]*See* Tex. Fam. Code Ann. § 160.308(a).

[16]*See* 2005 Tex. Gen. Laws 1337, 1337.

[17]*See* Act of May 27, 2011, 82nd Leg., R.S., ch. 1221, § 11(a), 2011 Tex. Gen. Laws 3255, 3258 (codified at Tex. Fam. Code Ann. §§ 160.301 - .315) (Voluntary Acknowledgment of Paternity, addressed in Subchapter D)).

acknowledgments signed before the Legislature changed section 160.308 in 2011, the Legislature made it clear the former law "is continued in effect for that purpose."[18]

On appeal, Father argues the 2011 version of section 160.308 applies to his petition to rescind the authorization rather than the version that existed in 2005. According to William, the Legislature made it clear that the changes it made to section 160.308 applied retroactively to proceedings challenging affidavits of paternity on grounds of fraud, duress, or mistake. To support his argument, William relies on language in the statute applicable to proceedings to adjudicate parentage— proceedings that are Subchapter G claims filed to adjudicate parentage, not Subchapter D claims challenging authorizations of paternity—to support his appeal.[19] The enabling language that William relies on and that applies to proceedings challenging paternity states:

> The changes in law made by this Act with respect to a proceeding to adjudicate parentage apply only to a proceeding that is commenced on or after the effective date of this Act.[20]

---

[18]*Id.*

[19]*Compare* 2011 Tex. Gen. Laws 3255, 3258 (Voluntary Acknowledgment of Paternity, addressed in Subchapter D)), *with* Act of May 27, 2011, 82nd Leg., R.S., ch. 1221, § 11(b), 2011 Tex. Gen. Laws 3255, 3258 (codified at Tex. Fam. Code Ann. §§ 160.601-.637) (Proceeding to Adjudicate Parentage, addressed in Subchapter G)).

[20]*See* 2011 Tex. Gen. Laws 3255, 3258.

William argues the 2011 law applies to this proceeding because he filed the proceeding in 2019.

The trial court, however, interpreted William's petition claim as a petition to rescind the authorization of paternity, not as a petition to adjudicate parentage. At William's request, the trial court provided William with findings of fact and law. In them, the trial court made it clear that the trial court interpreted William's petition as a claim to rescind the acknowledgment of paternity that he signed; for example, the trial court's findings and conclusion are silent about adjudicating any parentage claim. In our opinion, the trial court construed William's petition narrowly, probably too narrowly since William's petition when liberally construed includes a challenge to his paternity. For instance, he alleges that no protective orders are in effect as to the parties or the child. A statement such as that is required when a party files a petition to adjudicate parentage.[21] On top of that, William's prayer asks that the trial court "adjudicate the parentage of the child." Last, we observe that the trial court, in its final order, denied all other relief. Thus, we infer

---

[21]Tex. Fam. Code. Ann. § 160.6035.

9

from the trial court's broad language that the denial implicitly included and denied William's claim to adjudicate parentage of the child.

Yet when William appealed, he failed to assign any error and did not argue that the trial court misconstrued his petition. In his brief, William does not cite the Court to any sections in Subchapter G to argue that the trial court improperly construed his claims. The only time William used the term *parentage* in his brief is when he quotes the enabling language the Legislature used in 2011 when amending section 160.308. Plainly stated, William does nothing in his brief explain to the Court why the trial court failed to appreciate that his petition included a claim asking the trial court to adjudicate parentage and a claim to rescind the authorization too.

It is not the Court's role to make the arguments that William might have raised (and briefed) to support his appeal. The Texas Supreme Court has repeatedly cautioned the courts of appeal against addressing unassigned error.[22] "Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the

---

[22]*See, e.g., Pat Baker Co., Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex. 1987).

parties."[23] We conclude whether the trial court misconstrued William's petition is not a question before us given the issues that William filed and briefed in his appeal.[24]

Turning to the argument William makes, he argues that in September 2011, the Legislature changed the statute to allow parties to ask a trial court to rescind an acknowledgement of paternity for fraud, duress, or mistake of fact even if the party who filed the challenge filed his petition more than four years the authorization of paternity was filed with the Bureau of Vital Statistics. We disagree. As to suits challenging acknowledgment of paternity (as distinguished from proceedings under Subchapter G to adjudicate parentage) the enabling language of the statute provides:

> The changes in the law made by this Act with respect to an acknowledgment or denial of paternity apply only to an acknowledgment or denial of paternity that become effective on or after the effective date of this Act.[25]

So since William signed the acknowledgment at issue in 2005, the change the Legislature made in 2011 allowing a party more time to challenge

---

[23]*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) (citing *In re B.L.D.*, 113 S.W.3d 340, 350-52 (Tex. 2003)).
[24]*See* Tex. R. App. P. 38.1(f), (h); 44.1.
[25]*See* 2011 Tex. Gen. Laws 3255, 3258.

11

affidavits of paternity for fraud, duress, and mistake does not apply to the claim William filed challenging the authorization he signed in 2005.

Given the trial court's narrow construction of William's petition, a construction that William has not challenged in his appeal, we hold the trial court did not err in finding Williams claim to rescind the authorization barred by limitations. For that reason, William's second issue is overruled.

## Conclusion

For reasons explained above, the trial court's Order Denying the Petition to Challenge an Acknowledgment of Paternity is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 2, 2022
Opinion Delivered June 9, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

12