**Michael D. SYDOW, Appellant**

v.

**VERNER, LIIPFERT, BERNHARD, MCPHERSON AND HAND, CHARTERED, Appellee.**

**No. 14–05–00877–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 25, 2007.

Jeffrey Shadwick and Jared Ryker Woodfill, Houston, for appellants.

Carol S. Butner, Hannah Demarco Sibiski, Joy M. Soloway, and Richard T. Stilwell, Houston, for appellees.

Panel consists of Chief Justice HEDGES, Justice SEYMORE, and Senior Justice MIRABAL.*

## OPINION

ADELE HEDGES, Chief Justice.

Both parties appeal from the trial court's final judgment modifying and confirming an arbitration award. The arbitrator, in fact, issued two awards: an "original award" and a subsequent "amended award." Michael D. Sydow requested that the trial court confirm the amended award. Verner Liipfert, Bernhard, McPherson and Hand, Chartered ("Verner Liipfert") requested that the court confirm the original award. The trial court modified the original award and confirmed it as modified. On appeal, Sydow contends that the trial court should have confirmed the amended award instead of modifying and confirming the original award. Verner Liipfert contends that the trial court erred in modifying the original award in certain respects. We, in turn, modify the trial court's judgment and affirm it as modified.

## I. Background

Sydow is an attorney in Houston, Texas. In 1997, he negotiated with the law firm of Verner Liipfert to join its Houston office. As part of the negotiations, Sydow met with Lenard Parkins, a Verner Liipfert shareholder, regarding which of Sydow's preexisting cases the firm was interested in pursuing. As part of this conversation, Sydow informed Parkins about the expenses he had already incurred in the cases. One of these cases was *Miller v. Texas Women's Hospital.* See *HCA, Inc. v. Miller,* 36 S.W.3d 187 (Tex.App.-Houston [14th Dist.] 2000), *aff'd,* 118 S.W.3d 758 (Tex.2003). The parties disagree as to whether Sydow told Parkins that the preexisting expenses in *Miller* were $30,000 or $300,000. The parties also disagree as to whether Verner Liipfert agreed to reimburse Sydow for any preexisting case expenses or whether it simply agreed to pay for future expenses in certain of Sydow's preexisting cases. The parties agree, however, that Verner Liipfert did accept certain of Sydow's preexisting cases for continued prosecution, including *Miller.*

In 2001, Verner Liipfert closed its Houston office. As part of his severance pack-

* Senior Justice Margaret G. Mirabal sitting by assignment.

age, Sydow signed a release, which left certain issues in dispute. In August 2004, the parties entered into a binding arbitration agreement regarding the remaining disputes, pursuant to which they proceeded to a full arbitration hearing on September 17–18, 2004. In both the original and amended awards, the arbitrator framed the issues between the parties as follows: (1) whether the release obligated Verner Liipfert to pay for attorney's fees Sydow incurred defending against a grievance and an intervention filed by a former client; (2) whether Verner Liipfert was responsible for preexisting expenses on the cases Sydow brought into the firm; (3) whether the preexisting expenses in the *Miller* case were $30,000 or $300,000; and (4) whether Verner Liipfert failed to pay money due to Sydow under the release.

In the original award, regarding the first issue, the arbitrator found that the release obligated Verner Liipfert to pay Sydow's attorney's fees related to the intervention but not the grievance.[1] The arbitrator consequently awarded Sydow $18,883.83 for the intervention attorney's fees plus interest. Regarding the second issue, the arbitrator found that Verner Liipfert had agreed to assume the preexisting expenses for the cases it accepted. In explaining this holding, the arbitrator stated that it would have made no sense for Sydow to agree to give Verner Liipfert 25% of his recovery in certain cases if they were going to pay only expenses incurred after he joined the firm. Regarding the third issue, the arbitrator held that Sydow was entitled to $57,003.32 of the requested

$357,003.32 as preexisting expenses in *Miller*, which sum was within the reasonable range understood by Verner Liipfert. The arbitrator stated that "[t]he fault in the misunderstanding of this issue rests between Sydow and Parkins." The arbitrator further found that because Verner Liipfert violated the contract, Sydow was entitled to certain of his attorney's fees incurred in the present case. The arbitrator then entered a variety of calculations of case expenses, credits for resolved cases, and interest. Ultimately, the arbitrator awarded Sydow:

a. $18,883.83 for his out-of-pocket fees for the [intervention];

b. $167,579.92 plus interest thereon at 5% per annum following September 20, 2003; plus

c. $76,456.97 attorneys' fees plus interest thereon at 5% per annum after ten (10) days from the date of this Award.

The total AWARD therefore is $267,920.72 in favor of Sydow against Verner, Liipfert, Bernhard, McPherson and Hand.

The arbitrator also ordered Sydow to help the firm collect in outstanding cases.

In the amended award, the arbitrator stated that Sydow filed a motion to reconsider urging that (1) the expenses in *Miller* were $300,000 not $30,000, and (2) in the alternative, plaintiff's exhibit 8 permitted "a recalculation of an error in that this document confirms that Sydow actually paid $290,420.75 *after* October 16, 1997" (emphasis added). The arbitrator further

---

1. The arbitrator found that Verner Liipfert promised to provide Sydow with professional liability coverage for a period after he left the firm and explained that such promise basically indemnified Sydow from liability to third persons resulting from professional representation. The arbitrator further reasoned that because the grievance could not have resulted in liability to a third person, it was not covered by Verner Liipfert's promise, but because the intervention could have resulted in liability to a third person, it was covered by the promise. Whether the trial court's reasoning on this matter is correct is not at issue in this appeal.

said that "[t]his point is well taken and this award has been revised to correct that issue." Next the arbitrator explained that Sydow also complained about a mathematical or typographical error in the original award, namely omitting prejudgment interest on the award of attorney's fees incurred in the intervention. The arbitrator characterized this correction as of "a typographical error." The arbitrator then added the following:

Sydow's request that the arbitrator amend the Award on the basis that the decision is in clear contravention of the law is granted because, in part, the Agreement to Arbitrate provides that this Award shall comport with this standard. I do believe that § 171.054 Tex. Civ. Prac. & Rem.Code permits this change as a result of the post decision briefing that has occurred and in order to do equity in this matter necessitates the Award be amended to replace $57,003.32 with a revised amount and recast the associated interest. Section 171.054 permits the Arbitrator to amend the Award for the grounds therein stated including those in § 171.091. The parties by contract (the Arbitration Agreement) amended this standard by including another agreed standard—"in clear contravention of the law." Case law and argument presented post the original Award decision would indicate this has occurred regarding the theory of "mistake" and other issues. Sydow has convinced the arbitrator that as a matter of law, the decision should be changed.

During the factual discussion related to the *Miller* case expenses, the arbitrator inserted Sydow's testimony that Parkins did not tell him of the firm's decision to reimburse only $30,000 of preexisting *Miller* expenses, and that as a consequence,

Sydow expected a $300,000 reimbursement. The arbitrator also amended his finding that the firm agreed to assume preexisting expenses in certain cases to add "together with expenses incurred post September 15, 1997." Noting the existence of some evidence supporting *Miller* expenses at $30,000, he finds that

other evidence (Px.8) reflects that at least $290,420.75 was incurred by Sydow, and Sydow testified he provided all documents to the firm as backup including Px. 8, so the Firm did know this information.... More importantly, no one from the Firm told Sydow that his expenses were limited only to $30,000 prior to his engagement.[2]

The arbitrator again included various calculations of case expenses, credits, and interest, and awarded Sydow:

a. $18,883.83 for his out-of-pocket legal fees to defend the action brought by the Intervener, plus interest therein at 5% per annum following April 30, 2003 (for the period May 1, 2003, through November 30, 2004—$1,417.65 plus $2.59 per day thereafter).

b. $622,117.87 plus interest thereon at 5% per annum following September 20, 2003

c. $76,456.97 attorneys' fees plus interest thereon at 5% per annum after ten (10) days from the date of this Amended Award. (This portion of the Award is also increased as a result of the additional amount of the Award and post-submission briefing.)

The total AWARD therefore is $717,458.67 plus interest as aforesaid in favor of Sydow against Verner, Liipfert, Bernhard, McPherson and Hand.

2. Plaintiff's exhibit 8 is a statement of disbursements in the *Miller* case.

In total, the amended award granted Sydow $449,537.98 more than had the original award.

Sydow petitioned the trial court to confirm the amended award. Verner Liipfert petitioned the court to vacate the amended award and confirm the original award. The trial court modified the original award expressly to correct certain calculation errors and confirmed the original award as modified.

## II. Standards of Review

▉▉▉ We review a trial court's order confirming an arbitration award under a de novo standard. *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 262–63 (Tex.App.-San Antonio 2003, pet. denied).[3] The scope of our review is extraordinarily narrow, and we indulge every reasonable presumption in favor of upholding the arbitration award. *Id.* Generally, the authority of an arbitrator over a particular dispute is governed by the arbitration agreement. *Gulf Oil Corp. v. Guidry*, 160 Tex. 139, 327 S.W.2d 406, 408 (1959); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 443 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The agreement between Sydow and Verner Liipfert states that the proceedings were to be governed by the Texas Arbitration Act ("TAA") and the CPR Institute for Dispute Resolution's Rules for Non–Administered Arbitration ("CPR Rules").

Section 171.054 of the TAA provides that an arbitrator may make a modification or correction of an award only when (1) it is requested by a party, and (2) it is to clarify the award or is based on the grounds stated in section 171.091. Tex. Civ. Prac. & Rem.Code Ann. § 171.054(a), (b) (Vernon 2005). Section 171.091 provides that on application a court (or, by extension, an arbitrator) shall modify or correct an award if:

(1) the award contains:

(A) an evident miscalculation of numbers; or

(B) an evident mistake in the description of a person, thing, or property referred to in the award;

(2) the [arbitrator has] made an award with respect to a matter not submitted to [him or her] and the award may be corrected without affecting the merits of the decision made with respect to the issues that were submitted; or

(3) the form of the award is imperfect in a manner not affecting the merits of the controversy.

*Id.* § 171.091(a). The TAA also requires a trial court to vacate an award on application of a party when the arbitrator exceeds his or her power. *Id.* § 171.088(a)(3)(A).

Under the CPR Rules, a party may request that the arbitrator interpret the award; correct any clerical, typographical, or computational errors, or any errors of a similar nature; or make an additional award as to claims or counterclaims presented in the arbitration but not determined in the award. CPR Institute for Dispute Resolution, Rules for Non-Administered Arbitration 14.5 (Rev. Sept. 15, 2000). The arbitrator may then make any requested modification if justified. *Id.*

The arbitration agreement also addresses when the arbitrator's award can be

---

**3.** Verner Liipfert casts Sydow's appeal as an impermissible appeal from the denial of a motion for summary judgment, citing *Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex.1966). However, it is clear from the record that Sydow is appealing from the trial court's grant of Verner Liipfert's request to vacate the amended award and confirm the original award, as well as from the court's denial of Sydow's request to confirm the amended award, not just from the denial of the motion for summary judgment.

vacated or appealed. The agreement states:

> **Appeal of Arbitrator's Final Decision**—The parties shall have only those grounds to vacate or to appeal the final decision of the Arbitrator which are set out in Chapter 171 of the Texas Civil Practice and Remedies Code. The grounds to vacate or for appeal will include a final decision of the Arbitrator which is a product of an arithmetic error, fraud, improper influence on the Arbitrator, prejudice, or a final decision which is in clear contravention of the law. Any party desiring to appeal must give written notice to the opposing party of its intention to appeal the final decision of the Arbitrator within 30 days after the final decision has been reduced to a Final Judgment by the presiding judge of the court where this case is filed.

According to Sydow, this language provides the arbitrator with additional grounds for modifying an award. Verner Liipfert's interpretation restricts this grant of authority to a trial court in the context of considering an appeal of an arbitrator's award.[4]

### III. Sydow's Appeal

In his appeal, Sydow contends that the trial court erred in confirming the original award as modified and in failing to confirm the amended award. He specifically argues that in the amended award, the arbitrator properly granted (1) almost $300,000 in additional expenses relating to the *Miller* case, and (2) prejudgment interest on the award of attorney's fees for

4. Based on our resolution of the issues raised by the parties, we need not determine whether the agreement provides additional grounds for modification by the arbitrator.

5. Sydow phrases his sole issue as two alternatives: either the trial court erred in failing to

defending the intervention action filed by a former client.[5] Sydow additionally argues that Verner Liipfert failed to timely file its application to vacate the amended award; thus, the trial court was without authority to vacate the award.

### A. *Miller* Expenses

■ Sydow first argues that in adding almost $300,000 to the award of *Miller* expenses, the arbitrator was simply correcting or modifying "an evident miscalculation of numbers" pursuant to section 171.091 of the TAA. Tex. Civ. Prac. & Rem.Code Ann. § 171.091. Sydow suggests that the arbitrator erred in the original award in that while stating in the analysis his intention to award Sydow post-joinder expenses in *Miller*, he then failed to include these expenses in the final calculations and ultimate award.

We begin by noting that the issue of whether Sydow was entitled to recover post-joinder *Miller* expenses does not appear to have been properly before the arbitrator. An arbitrator's authority is limited to deciding matters submitted to him or her. *Baker Hughes*, 164 S.W.3d at 443. In both the original and amended awards, the arbitrator expressly listed the issues that were before him. In this list, he included the issue of whether Verner Liipfert was responsible for preexisting expenses on cases Sydow brought into the firm and the issue of whether the preexisting expenses in *Miller* were $30,000 or $300,000, but he did not mention any issues concerning post-joinder expenses. Further, Sydow himself testified at the

confirm the arbitrator's amended award, or the trial court erred in failing to modify the arbitrator's original award to include the changes made by the arbitrator in the amended award.

arbitration hearing regarding the preexisting expenses in *Miller* but did not testify regarding post-joinder expenses.

Additionally, we find no support in the record for Sydow's position that the arbitrator was simply correcting a "miscalculation of numbers." In the original award, the arbitrator did not express any intention to award Sydow post-joinder expenses in *Miller*.[6] However, the arbitrator appears to have made such an award in the amended award. Specifically, in the amended award, the arbitrator added $300,000 in post-joinder expenses and completely eliminated the over $57,000 in preexisting *Miller* expenses awarded in the original award.

The case of *Barsness v. Scott*, 126 S.W.3d 232 (Tex.App.-San Antonio 2003, pet. denied), is instructive. In *Barsness*, the arbitrators modified their original award to give one party attorney's fees, when the original award did not provide for attorney's fees. *Id.* at 240. The San Antonio Court of Appeals held that the change was substantive and did not fall into any of the permissible categories of modification contained in sections 171.054 and 171.091. *Barsness*, 126 S.W.3d at 240–42. The court explained that the original award did not grant any amount for attorney's fees and, in fact, stated that "[a]ll relief not hereby granted is expressly

denied"; thus, the modification to award fees was not a mere clarification or correction but changed the original decision on the merits of. *Id.* The same is true here. The arbitrator's original award did not grant Sydow any amount for post-joinder *Miller* expenses, but it did contain a statement that "[a]ll other relief prayed from is DENIED." Thus, in amending the award to include approximately $300,000 in post-joinder *Miller* expenses (and to delete the over $57,000 in preexisting *Miller* expenses), the arbitrator made a substantive change to the merits and did not simply correct "an evident miscalculation of numbers" as Sydow maintains. For the foregoing reasons, Sydow's sole argument in support of the amended award on post-joinder *Miller* expenses is without merit.

## B. Prejudgment Interest

■ In his second argument, Sydow raises two related but alternative contentions: either (1) the arbitrator properly amended the award to include prejudgment interest on the intervention attorney's fees and the trial court should have confirmed this portion of the amended award, or (2) the trial court should have amended the original award to include interest on the intervention attorney's fees. In discussing the attorney's fees in the original award, the arbitrator stated that

---

6. Sydow specifically references the following sentence in the original award as stating an intention to award amounts for post-joinder expenses:

> I believe the evidence is sufficient that the Firm assumed certain pre-existing expenses of all of the foregoing cases together with interest thereon, and that the *Miller* case had a range of approximately $30,000 (the amount that appears written by Parkins in his memorandum not $300,000 as Sydow testified) of pre-existing expenses plus interest on the *Miller* case together with expenses incurred post September 15, 1997, expenses on that case [sic].

This sentence seems to reference Verner Liipfert's assumption of post-joinder expenses in *Miller* (a fact not disputed by Verner Liipfert at any point). It does not suggest that Verner Liipfert still owed any post-joinder expenses in *Miller*. Indeed, nowhere in the original award is there any mention that Verner Liipfert still owed Sydow for post-joinder expenses in *Miller*, and as discussed in the text above, the issue of liability for post-joinder expenses was apparently not before the arbitrator for determination.

"an Award is made against the Firm in favor of Sydow for $18,883.83 plus interest thereon at 5% per annum from April 30, 2003." However, in his final award calculations, the arbitrator failed to include the award of interest. In the amended award, the arbitrator stated that the omission of prejudgment interest on the fees was "corrected as a typographical error." Then, in the final award calculations, the arbitrator again awarded the legal fees and added "plus interest therein at 5% per annum following April 30, 2003 (for the period May 1, 2003, through November 30, 2004— $1,417.65 plus $2.59 per day thereafter)."

The arbitrator clearly intended to award prejudgment interest on the intervention legal fees but appears to have simply forgotten to include this award in the final calculations of the original award. Correction of such error is permissible under the TAA because the error constituted an evident miscalculation of numbers and is a mere error of form not affecting the merits of the controversy. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.091; *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 446–48 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (holding that trial court properly modified arbitration award to include date prejudgment interest began to accrue where arbitrators awarded prejudgment interest and the date was contained elsewhere in the award); *Daniewicz v. Thermo Instrument Sys., Inc.*, 992 S.W.2d 713, 717 (Tex.App.-Austin 1999, pet. denied) (holding that best source to determine intention of original award was arbitration panel itself and clarification order merely clarified intentions and did not result in impermissible modification). Further, under the CPR Rules,

the error falls within the category of clerical, typographical, or computational error, or error of a similar nature; thus, the arbitrator had authority to correct the error. *See* CPR Institute for Dispute Resolution, Rules for Non-Administered Arbitration 14.5. Accordingly, we find that Sydow's second argument has merit.[7]

As mentioned, Sydow stated his argument in alternative forms: either the arbitrator properly amended the award to include prejudgment interest on the attorney's fees and the trial court should have confirmed the amended award, or the court erred in refusing to modify the original award to include the prejudgment interest. Because of our disposition of Sydow's first argument above, judicial efficiency dictates that we simply add the interest to the original award as amended by the trial court, thus choosing the second of Sydow's alternatives.

■ Verner Liipfert, however, argues that Sydow cannot raise the prejudgment interest argument in relation to the original award because he did not timely file an application with the trial court to amend that award. Under the TAA, a court may modify or correct an arbitrator's award only if the party requesting such modification or correction has made an application within 90 days from the date a copy of the award was delivered to the party. Tex. Civ. Prac. & Rem.Code Ann. § 171.091. In his initial filings with the trial court, Sydow only requested that the court confirm the amended award. He did not request modification of the original award until he filed a motion for new trial after the court vacated the amended award and confirmed the original award. Sydow's motion for

---

7. Verner Liipfert also cites the doctrines of *functus officio* and *res judicata* as limiting an arbitrator's ability to modify an arbitration award. However, in light of the specific TAA and CPR Rules provisions governing modification of arbitration awards, these doctrines have no impact on our analysis.

new trial was filed well outside the 90–day period from receipt of the original award.

Verner Liipfert argues that because Sydow originally chose to request that the arbitrator amend the original award and then sought to have the amended award confirmed, "[h]e should be held to the consequences of his strategy." In other words, Verner Liipfert contends that Sydow cannot argue that the trial court should have modified the *original* award when he did not timely file an application for such modification but only applied to have the *amended* award confirmed. Verner Liipfert provides no citation for such a stringent reading of the TAA application deadline. In the amended award, Sydow received what he requested from the arbitrator. There was no reason at that point for him to request the trial court to amend the original award; the arbitrator had vacated and replaced the original award with the amended award. One of the changes made by the arbitrator in the amended award was to award prejudgment interest as to the intervention attorney's fees. Thus, when Sydow applied to have the amended award confirmed, he was in effect applying to the trial court to confirm the award of prejudgment interest. We decline to read the TAA deadlines as a hyper-technical trap. Sydow timely placed the issue of prejudgment interest before the court when he applied to have the amended award confirmed (and when he responded to Verner Liipfert's application to confirm the original award).[8] It could have come as no surprise to Verner Liipfert that Sydow wanted the prejudgment interest included in the final calculations; he requested that award in numerous filings with the court. We therefore grant Sydow's sole issue in part (concerning interest on the intervention legal fees) and deny it in part (concerning the addition of post-joinder *Miller* expenses).

## C. Filing of Application

■ Sydow additionally argues that because Verner Liipfert failed to timely file its application to vacate the amended award, the trial court was without authority to vacate the award. Under the TAA, a party has 90 days from the date of delivery of an award to apply to the trial court to vacate the award. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(b). Without citation to the record, Sydow asserts that the 90th day after Verner Liipfert received the amended award was February 28, 2005, making Verner Liipfert's application on March 1, 2005 untimely. The record contains a facsimile cover sheet from the arbitrator to Verner Liipfert's counsel dated November 30, 2004. The transmittal

8. The situation is therefore unlike the one encountered in *Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256 (Tex.App.-Houston [1st Dist.] 2005, pet. denied). In that case, the party seeking to vacate an arbitration award did not file anything prior to confirmation of the award except a motion for continuance. *Id.* at 259, 269. The motion stated that the party intended to request that the award be vacated but did not offer any grounds therefor. *Id.* at 259. The court held that the motion to vacate filed after confirmation was untimely. *Id.* at 259 ("The trial court had no discretion but to confirm the arbitration award if the Hamm parties did not file a motion to vacate or to modify (or otherwise challenge in any way) the award before the ruling on Millennium's motion to confirm."). Here, the substance of Sydow's complaint regarding the original award was clearly before the court, and was well briefed by the parties, prior to confirmation of the award.

We further note that Sydow's petition seeking confirmation of the amended award was filed within 90 days after his receipt of the original award. The original award issued on October 19, 2004. The amended award issued on November 30, 2004. Sydow filed his original petition seeking confirmation on December 3, 2004.

header indicates that the document was received at 5:55 p.m. on November 30. Verner Liipfert contends that its application to vacate the amended award was timely, either because (1) it included a request to vacate the amended award in both its First Amended Answer and its Response to Sydow's Motion for Summary Judgment, both filed on February 14, 2005; and (2) it filed a formal Application to Vacate the Amended Award on March 1, 2005. We agree with both contentions.

The TAA contains no specific form requirements for the application to vacate. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.088. There appear to be no policy or efficiency reasons to require a separate, formal application, so long as the party apprises the court and the opposing party of the desire to have the award vacated. Thus, including the application to vacate in the answer to Sydow's petition (requesting confirmation of the amended award) adequately apprised the court and Sydow of Verner Liipfert's request. Furthermore, as Verner Liipfert points out, the arbitration agreement provided that the Texas Rules of Civil Procedure were generally applicable to the proceedings. Under Rule 21a, "[s]ervice by telephonic document transfer after 5:00 p.m. local time of the recipient shall be deemed served on the following day." Tex.R. Civ. P. 21a. As discussed, Verner Liipfert received the amended award via facsimile after 5 p.m. on February 14, 2005; thus, Verner Liipfert's formal application filed on March 1, 2005 (exactly 90 days after February 15) was also timely. Accordingly, Sydow's argument is without merit.

## IV. Verner Liipfert's Appeal

In its sole issue on appeal, Verner Liipfert contends that the trial court erred

when it modified the original award to correct mathematical mistakes because Sydow did not timely request such modification. In the original final judgment, the trial court (1) denied Sydow's motion for summary judgment requesting confirmation of the amended award, (2) granted Verner Liipfert's application to vacate the amended award, and (3) confirmed the original award. In his motion for new trial, among other things, Sydow requested that the trial court enter certain mathematical corrections to the original award. The trial court then issued its amended final judgment, including mathematical corrections.

Similar to its argument regarding prejudgment interest on the intervention attorney's fees, Verner Liipfert argues Sydow's request for mathematical corrections was not timely because it was not included in an application for correction filed within 90 days of receipt of the original award. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.091. However, as with the award of prejudgment interest, the arbitrator made the mathematical corrections in the amended award. Because the amended arbitration award purported to vacate and supercede the original award, Sydow had no reason to apply to the trial court to make mathematical corrections to the original award.[9] Sydow's application to confirm the amended award, which included the mathematical corrections, placed the issue before the trial court (as did Sydow's response to Verner Liipfert's application to confirm the original award). Consequently, the trial court had the authority to make the mathematical corrections. Accordingly, we overrule Verner Liipfert's sole issue.[10]

---

**9.** This is not to say that making such application, as an alternative to the application to

confirm the amended award, would have been improper.

**10.** Verner Liipfert does not make any argu-

## V. Conclusion

We find that the trial court erred in refusing to modify the arbitrator's original award by adding prejudgment interest on the intervention attorney's fees in the final award calculations. Accordingly, we reform the trial court's final judgment so as to modify the original award by adding prejudgment interest at 5% per annum to the award calculations. We affirm the final judgment as so reformed.

ments regarding the substance of the mathematical corrections; it argues only that the court was without authority to make such corrections because Sydow's request was untimely.