**Affirmed and Opinion Filed June 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00585-CV

### WALTON AND MARIE BROWN, Appellants
### V.
### POTTER CONCRETE RESIDENTIAL, LTD., LAWRENCE MONDY D/B/A
### LAWRENCE MONDY CONTRACTING, AND KB HOME LONE STAR, INC., F/K/A
### KB HOME LONE STAR, L.P., Appellees

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-09065-A**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Walton and Marie Brown appeal the trial court's judgment confirming an arbitration award. In two issues, the Browns argue the trial court erred in confirming the award because they did not agree to binding arbitration with appellees Potter Concrete Residential, Ltd. and Lawrence Mondy Contracting. We affirm.

The Browns filed an original petition and motion to compel arbitration against KB Home Lone Star, Inc., formerly known as KB Home Lone Star, LP. The petition alleged causes of action for statutory fraud, negligence, and breach of contract and warranty in connection with the purchase of their home from KB Home. In the motion to compel arbitration, the Browns

asserted that under the binding agreement, KB Home was obligated to arbitrate the claims with the results binding only on KB Home.

KB Home filed an answer asserting a general denial, a "special" denial, and several affirmative defenses. As to the motion to compel, KB Home argued that any arbitration award should be binding on both KB Home and the Browns, except for any award for warranty claims or construction defects for which the Browns should have the right to accept the arbitration results or continue with the litigation. KB Home also filed a third-party petition against Potter and Mondy, subcontractors who performed work relating to the preparation of the property's grading prior to construction of the foundation.

After finding the parties had agreed the matter was subject to arbitration, the trial court signed an order sending the parties to arbitration and appointing an arbitrator. The Browns' counsel approved the substance and form of the order. Ten months later, the trial court signed an agreed amended arbitration order abating the matter in its entirety, resetting the upcoming trial, and continuing the dispute in arbitration until completion. Counsel for the Browns, KB Home, Potter, and Mondy approved the order as to form and substance.

Once in arbitration, the Browns asserted direct claims against Potter Concrete and Mondy.[1] The arbitration was conducted over two days in November 2011. Ten months later, the arbitrator issued his Arbitrator's Award. In the award, the arbitrator stated that "[a]n agreement to binding arbitration was entered into by the parties." Further, the arbitrator noted that the parties and arbitrator "participated in several pre-arbitration hearings." Additionally, the parties engaged in discovery, exchanged documents, and provided expert reports and designations. The

---

[1] The Browns' Statement of Claims, filed in the arbitration, is not a part of this Court's record; however, the Arbitration Award addresses the Browns' claims against Potter Concrete and Mondy.

award also provided, "Pursuant to the Court's order and agreements of counsel, the parties have submitted all  matters to binding arbitration."

As to the merits of the causes of action, the arbitrator found in favor of Potter and Mondy with respect to the claims against them by the Browns and KB Home.  The arbitrator found KB Home was liable to the Browns for (1) cosmetic repairs to the foundation, (2) cosmetic repairs to the interior and exterior of the home, (3) regrading the front and side yards so the property would properly drain, (4) engineering fees, attorney fees, and litigation expenses; and (5) temporary housing during the time of repairs.  The total amount of the award, excluding interest, was $44,928.56.

After the arbitrator issued his award, both Potter and Mondy filed applications to confirm the award under section 171.087 of the Texas Civil Practice and Remedies Code.  The Browns did not file a motion to vacate the award, but did file a response arguing the applications should be denied because they never agreed to binding arbitration with Potter and Mondy.  Following a hearing, the trial court confirmed the arbitrator's award and rendered judgment against KB Home according to the award.

In two issues on appeal, the Browns argue the trial court abused its discretion in binding them to an arbitration award involving Potter and Mondy when there was "no evidence of an agreement to be so bound."  According to the Browns, the only arbitration agreement was between them and KB Home and was subject to a Modified Consent Decree entered in federal court mandating that the results of any mandatory arbitration between KB Home and a homeowner was binding only on KB Home.

Potter and Mondy make two arguments in response.  First, they argue the Browns failed to move to vacate the arbitration award within ninety days as required by statute, leaving the trial court with no option but to confirm the award.  Second, they argue the Browns not only signed

agreed orders to arbitrate the case, they never objected to the binding effect of the arbitration among and across all parties until more than one year after the arbitration occurred and an award issued. Consequently, they assert the Browns have waived their right to complain about the award.

We begin with the first argument. Under the Texas Arbitration Act, "[u]nless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award." TEX. CIV. PRAC. & REM. CODE ANN. § 171.087 (West 2011). A party has ninety days from the date of delivery of an award to apply to the trial court to vacate the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(b). Although the Browns did not specifically move to vacate the award, they did file a response arguing the applications to confirm should be denied.

There are no specific requirements for an application to vacate an arbitrator's award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.088 (West 2011); *Morris v. Morris*, No. 09-10-00385-CV, 2012 WL 34454, at *2 (Tex. App.—Beaumont Jan. 5, 2012, no pet.) (mem. op.). There is no policy or efficiency reason to require a separate, formal application so long as the party apprises the court and opposing party of its desire to have the award vacated. *Morris*, 2012 WL 34454, at *2; *Sydow v. Verner, Liipfert, Bernhard, McPherson & Hand, Chartered,* 218 S.W.3d 162, 172 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (including request to vacate award in amended answer to petition requesting confirmation adequately apprised court and opposing party of desire to vacate award).

We conclude the Browns' response to the applications to confirm the arbitration award was sufficient to apprise the court and opposing parties of their desire to vacate the award. Having so concluded, we turn now to appellees' argument that the Browns waived any right to

complain about the arbitration award by agreeing to arbitration, participating in the hearing, and failing to object.

Under section 171.088 of the civil practice and remedies code, a court may vacate an arbitration award under limited circumstances. TEX. CIV. PRAC. & REM. CODE ANN. § 171.088. Subsection (a)(4) provides one such ground: if "there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection." *Id*. 171.088(a)(4).

The record here shows that after KB Home filed its third-party petition bringing Potter and Mondy into the lawsuit, KB Home filed an agreed motion to amend the previous arbitration order. According to the motion, the parties agreed to amend the previous arbitration order so that the "matter would be abated in its entirety and the claims remain in arbitration until completion." The motion identified both Potter and Mondy as third-party defendants. The agreed order resulting from the motion abated the case in its entirety, continued the upcoming trial setting, and ordered the dispute to continue in arbitration until completion. Counsel for all of the parties, including the Browns, approved the order as to form and substance. The Browns then participated at the arbitration, asserting claims against Potter and Mondy. Finally, the arbitrator's award stated the parties agreed to binding arbitration and had "submitted all matters to binding arbitration." Having reviewed the record, there is nothing in it to suggest the Browns ever objected or voiced any opinion that the arbitration would not be binding with respect to Potter and Mondy for lack of an arbitration agreement. We therefore conclude the Browns' issues are without merit.

We affirm the trial court's judgment.

130585F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WALTON AND MARIE BROWN,
Appellants

No. 05-13-00585-CV          V.

POTTER CONCRETE RESIDENTIAL,
LTD., LAWRENCE MONDY D/B/A
LAWRENCE MONDY CONTRACTING,
AND KB HOME LONE STAR, INC. F/K/A
KB HOME LONE STAR, L.P., Appellees

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-10-09065-A.
Opinion delivered by Justice Francis;
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees Potter Concrete Residential, Ltd., Lawrence Mondy d/b/a Lawrence Mondy Contracting, and KB Home Lone Star, Inc. f/k/a KB Home Lone Star, L.P. recover their costs of this appeal from appellants Walton and Marie Brown.

Judgment entered June 30, 2014