**Affirmed and Opinion filed December 29, 2020 (Justices Bourliot and Spain concurring in the judgment only).**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00394-CV

### GERARDO BATISTA ORTIZ, Appellant

### V.

### BUILDERS FIRST SOURCE - SOUTH TEXAS, LP, Appellee

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 15-DCV-225828A**

## O P I N I O N

In this appeal from a trial court's confirmation of an arbitration award, appellant Gerardo Batista Ortiz contends the trial court erred in failing to grant his motion to modify the arbitration award to include prejudgment interest and costs. We affirm.

# I. BACKGROUND

Ortiz was injured in the course of his employment with Builders First Source – South Texas, LP., a nonsubscriber to workers' compensation insurance. Builders First Source maintains an "Injury Benefit Plan," which requires claims that are not settled through mediation to be arbitrated under the Federal Arbitration Act[1] and the American Arbitration Association's (AAA's) Employment Arbitration Rules and Mediation Procedures.

The first arbitration in this case ended with Ortiz non-suiting his claims without prejudice and the arbitrator sanctioning Ortiz in connection with a discovery dispute. *Builders First Source-S. Tex., LP v. Ortiz*, 515 S.W.3d 451, 454–55 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("*Ortiz I*"). Ortiz then added Builders First Source as a defendant in an ongoing lawsuit against other parties concerning the same personal injuries. In the district court, Ortiz moved to vacate the arbitrator's sanctions order based on evident partiality. *Id.* at 454. The trial court vacated the sanctions order and appointed a new arbitrator. *Id.* at 455. On appeal, we affirmed the vacatur but reversed the trial court's appointment on the ground that the parties had agreed to go through the AAA for appointment of a new arbitrator. *Id.* at 460–61.

On remand, Ortiz reasserted his personal-injury claims against Builders First Source and the claims were arbitrated anew. This time, the arbitrator found in Ortiz's favor. The arbitrator's ruling is not in the record, but it appears from the parties' representations that the arbitrator awarded Ortiz compensatory damages and post-award or post-judgment interest.

---

[1] 9 U.S.C.A. §§ 1–307.

Both parties moved to modify the arbitrator's ruling. Builders First Source sought to eliminate the award of interest, and Ortiz sought pre-judgment interest and costs. The arbitrator denied both motions on the ground that, under Rule 40 of the AAA's Employment Arbitration Rules and Mediation Procedures, the arbitrator may modify an award only "to correct any clerical, typographical, technical, or computational errors in the award" and "is not empowered to redetermine the merits of any claim already decided."

Thereafter, Builders First Source filed a motion in the trial court to confirm the arbitrator's award, while Ortiz repeated his motion to modify. The trial court granted Builders First Source's motion and denied Ortiz's motion. On Builders First Source's motion, the trial court severed the Ortiz's claims against his employer from the remainder of the case, thereby rendering the confirmation order final and appealable. Ortiz now challenges the trial court's rulings on the competing motions to modify or confirm the arbitration award.

## II. STANDARD OF REVIEW AND GOVERNING LAW

When reviewing claims under the Federal Arbitration Act ("the FAA"), we look to federal law to resolve substantive issues, but apply state law to resolve procedural issues. *Ortiz I*, 515 S.W.3d at 455 (citing *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992)). Although we review de novo a trial court's ruling confirming, modifying, or vacating an arbitration award, our review is "extraordinarily narrow." *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (quoting *Hughes Training, Inc. v. Cook*, 254 F.3d 588, 593 (5th Cir. 2001)). Under the FAA, a trial court must confirm the arbitration award unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA. 9 U.S.C.A.

3

§ 9. The grounds set forth in sections 10 and 11 are exclusive. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586, 128 S. Ct. 1396, 1404, 170 L. Ed. 2d 254 (2008).

### III. ANALYSIS

Citing Texas Civil Practice and Remedies Code section 171.091, Ortiz argues that the trial court erred in failing to modify the arbitrator's award because there was "an evident miscalculation of numbers." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.091(a)(1)(A). Although Ortiz cites a provision in the Texas General Arbitration Act, he does not argue that the state statute governs this case. It is undisputed that the parties agreed in the Injury Benefit Plan that the arbitrator would "apply the substantive law (and the law of remedies) of Texas (*other than the Texas General Arbitration Act*)" and that the "arbitrator's decision can be challenged in a state or federal court of law *only* on such basis as are available under the Federal Arbitration Act or on the basis that the arbitrator's decision constitutes a manifest disregard of the law." (emphasis added).[2] We therefore consider his argument under a similar provision found in section 11 of the FAA, which provides that, "[w]here there was an evident material miscalculation of figures," a district court "may modify and correct the award, so as to effect the intent thereof." 9 U.S.C.A. § 11(a).

Ortiz does not argue, however, that the arbitrator intended to award prejudgment interest. To the contrary, Ortiz acknowledges that the arbitrator affirmatively refused his request to award him prejudgment interest and costs. He instead argues that, as a matter of first impression, the trial court should have the authority to modify an arbitration award to include prejudgment interest and costs

---

[2] *See also Ortiz I*, 515 S.W.3d at 455 ("It is undisputed that the Federal Arbitration Act (the FAA) governs the arbitration provision at issue in this case.").

4

because the parties agreed that Texas's law of remedies would apply, and under Texas law, the prevailing party in a personal-injury case is entitled to these remedies.

We are aware of no FAA provision or state statute authorizing a trial court to modify an arbitration award to include prejudgment interest and costs, nor has Ortiz identified any such authority. A Texas statute states that "[a] judgment in a wrongful death, personal injury, or property damage case earns prejudgment interest,"[3] but an arbitration award is not a judgment. *Fogal v. Stature Constr., Inc.*, 294 S.W.3d 708, 722 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). On the other hand, there is ample authority to affirm a trial court's denial of such a requested modification. *See, e.g.*, *id.*; *Forged Components, Inc. v. Guzman*, 409 S.W.3d 91, 106 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("[N]either the FAA nor the Texas Finance Code authorizes an award of pre- or post-judgment interest when the arbitrator made no such award."); *Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 99 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (applying the FAA and affirming trial court's refusal to modify the arbitration award to include pre- and post-judgment interest); *Nuno v. Pulido*, 946 S.W.2d 448, 452 (Tex. App.—Corpus Christi 1997, no writ) (reversing trial court's modification of a personal-injury arbitration award that added pre-judgment interest).

Ortiz does not discuss these authorities. He instead relies on caselaw addressing an arbitrator's authority to modify an award, as opposed to a trial court's authority to do so, or a trial court's modification of an arbitration award under the Texas General Arbitration Act to correct the arbitrator's error in calculating an award of prejudgment interest after the arbitrator expressed an intent to award it.[4] Such

---

[3] TEX. FIN. CODE ANN. § 304.102.

[4] *See, e.g.*, *Brad Herriage v. BNSF Logistics, LLC*, No. 05-16-01232-CV, 2017 WL 5559570, at *7 (Tex. App.—Dallas Nov. 17, 2017, no pet.) (mem. op.) (arbitrator was permitted under the Texas General Arbitration Act to correct a computational error in the award of costs);

cases are distinguishable not only because this case is governed by the FAA, but also because Ortiz actually submitted his request for prejudgment interest and costs to the arbitrator, who denied the request. Because the award accurately reflects the arbitrator's intent, section 11(a) of the FAA does not apply.

Ortiz also argues that confirmation of the arbitration award violates public policy because the Injury Benefit Plan states that the arbitrator will apply "the substantive law (and the laws of remedies) of Texas," and prejudgment interest is an available "remedy" under Texas law. Ortiz did not raise a public-policy argument in the trial court, and in any event, courts may not review the arbitrator's decision on the merits "despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728, 149 L. Ed. 2d 740 (2001) (per curiam). Moreover, the Injury Benefit Plan states that its dispute-resolution requirements apply not only to personal-injury claims but also to "any legal or equitable claim or dispute relating to . . . this arbitration requirement." Thus, "any award of attorney's fees, interest, and costs was necessarily submitted to the arbitrators and a district court that made such an award would be impermissibly modifying the arbitrators' decision." *Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir. 1986) (citing *Kermacy v. First Unitarian Church*, 361 S.W.2d 734, 735 (Tex. App.—Austin 1962, writ ref'd n.r.e.)). "In such circumstances, where the parties made an agreement intended to avoid court litigation by resolving the entire dispute through arbitration, intervention by the court to award additional relief

---

*Sydow v. Verner, Liipfert, Bernhard, McPherson & Hand, Chartered*, 218 S.W.3d 162, 170 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (affirming trial court's modification because arbitrator expressed the intent to award prejudgment interest but omitted it in the award); *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., Inc.*, 164 S.W.3d 438, 446 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (affirming modification under the Texas General Arbitration Act because the arbitrator awarded prejudgment interest but omitted the accrual date).

would be inconsistent with the language and policy of the Federal Arbitration Act." *Id.*

We overrule the sole issue presented.

## IV. CONCLUSION

The arbitration award accurately reflected the arbitrator's intent, without material miscalculation of figures. Because Ortiz's requested modification to include prejudgment interest and costs would have awarded additional relief that was considered and rejected by the arbitrator, we conclude that the trial court did not err in refusing the requested modification and confirming the arbitration award. We accordingly affirm the trial court's rulings.

/s/      Tracy Christopher
         Justice

Panel consists of Justices Christopher, Bourliot, and Spain (Justices Bourliot and Spain concurring in the judgment only).