**Opinion issued March 12, 2013**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――――――

## NO. 01-12-00313-CV

―――――――――――――――

**W. DOW HAMM III CORPORATION AND WILLIAM DOW HAMM III,
Appellants**

**V.**

**MILLENNIUM INCOME FUND, L.L.C., Appellee**

---

On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2003-13955

---

## MEMORANDUM OPINION

Appellants W. Dow Hamm III Corporation and William Dow Hamm III

(collectively "Hamm") appeal the trial court's order confirming an arbitration

award in favor of appellee Millennium Income Fund, L.L.C. In three issues,

Hamm argues that the trial court erred by confirming the arbitration award and by not engaging in a de novo review of it. Hamm contends that the arbitration agreements expanded the scope of judicial review. Hamm also argues that the arbitrator exceeded his authority, was unfairly biased, and did not rule on all claims. We affirm.

## Background

Hamm and Millennium entered into six separate but nearly identical partnership agreements for the construction and operation of hotels. W. Dow Hamm III Corporation was the general partner, and Millennium and Mr. Hamm were limited partners. The parties' agreements specified how allocations and distributions would be made and provided that Millennium had priority to receive distributions of "Distributable Cash Flow" "in an amount equal to the accrued and unpaid Priority Return." "Priority return" and "Distributable Cash Flow" were defined in the contracts. The agreements also specified how assets would be distributed upon dissolution or termination of the partnership. Each agreement included the following arbitration provision:

Section 10.15 <u>Dispute Resolution and Arbitration</u>

. . . .

(b)     Any claim, action, dispute or controversy of any kind arising out of or relating to this Agreement or concerning any aspect of performance by either Partner under the terms of this Agreement that is not resolved by the mediation process set

2

forth in Section 10.15(a) above ("Dispute") shall be resolved by mandatory and binding arbitration administered by the AAA pursuant to the Federal Arbitration Act (Title 9 of the United States Code) in accordance with this Agreement and the then-applicable Commercial Arbitration Rules of the AAA. The Partners acknowledge and agree that the transactions evidenced and contemplated hereby involve "commerce" as contemplated in Section 2 of the Federal Arbitration Act. If Title 9 of the United States Code is inapplicable to any such Dispute for any reason, such arbitration shall be conducted pursuant to the Texas General Arbitration Act (V.T.C.A., Civil Practice & Remedies Code Section 171.0001 et. seq. Vernon 1997), this Agreement and the then-applicable Commercial Arbitration Rules of the AAA. To the extent that any inconsistency exists between this Agreement and the foregoing statutes or rules, this Agreement shall control. Judgment upon the award rendered by the arbitrator acting pursuant to this Agreement may be entered in, and enforced by, any court having jurisdiction absent manifest disregard by such arbitrator of applicable law; provided, however, that the arbitrator shall not amend, supplement or reform in any manner any of the rights or obligations of any Partner hereunder or the enforceability of any of the terms of this Agreement. Any arbitration proceedings under this Agreement shall be conducted in Houston, Texas, before a single arbitrator being a member of the State Bar of Texas for no less than ten (10) years and having recognized expertise in the field or fields of the matter(s) in dispute.

. . . .

(f)     The arbitration shall be conducted and concluded as soon as reasonably practicable, based on a schedule established by the arbitrator. Any arbitration award shall be based on and accompanied by findings of fact and conclusions of law, shall be conclusive as to the facts so found and shall be confirmable by any court having jurisdiction over the Dispute, provided that such award, findings and conclusions are not in manifest disregard of applicable law.

. . . .

(h)    In order for an arbitration award to be conclusive, binding and enforceable under this Agreement, the arbitration must follow the procedures set forth in the portions of this Agreement relating to such arbitration and any award or determination shall not be in manifest disregard of applicable law. The obligation to mediate or arbitrate any Dispute shall be binding upon the successors and assigns of each of the Partners.

In 2003 a dispute arose about the payment of Priority Return and allegedly unauthorized payments that the general partner made to itself. *See Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 258 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ("*Hamm I*"). The parties engaged in arbitration regarding these disputes in accordance with the same partnership agreements that are at issue in this appeal. *See id.* Among other things, the arbitrator ordered an accounting of the partnerships, enjoined the Hamm parties from taking certain actions, awarded Millennium actual and exemplary damages, and "ordered the limited partners to agree on a new general partner within 90 days or face dissolution of the partnerships." *Id.* at 258–59. The arbitration award was confirmed by the trial court, and this court affirmed the judgment. *Id.*

Because the parties did not agree on a new general partner, the court-appointed receiver "began the process of winding up the partnerships and distributing the assets by arranging for the sale of the hotels." *W. Dow Hamm III Corp. v. Millennium Income Fund, L.L.C.*, 237 S.W.3d 745, 748–49 (Tex. App.—

4

Houston [1st Dist.] 2007, no pet.) ("*Hamm II*"). The receiver noted that some ambiguity existed in the parties' agreements as to the distribution of assets upon dissolution of the partnerships. *Id.* at 749. However, the receiver provided to the trial court four alternative schedules for distribution of the assets to the partners. *Id.*

Unsatisfied with the proposed distribution schedules, Hamm sought to compel arbitration under the Federal Arbitration Act or, if the court found that the FAA did not apply, under the Texas Arbitration Act. *Id.* The trial court ordered distribution of the partnership assets in accordance with one of the receiver's distribution schedules and granted Millennium's motion to stay arbitration. *Id.* at 750. The court also ordered that $800,000 be held back and reserved for future expenses that the receiver might incur. *Id.* Hamm filed a petition for writ of mandamus challenging the court's order staying arbitration. *Id.* This court noted that neither party disputed that the FAA applied to the arbitration agreement. *Id.* at 751. The petition for writ of mandamus was conditionally granted, allowing a second arbitration to proceed. *Id.* at 758.

The parties eventually engaged in a second arbitration on three issues relating to the distribution of partnership assets but specifically centering on calculation and satisfaction of Priority Return. In the arbitration, both parties contended that the agreements were unambiguous. Nevertheless, Hamm

5

introduced testimony from people involved in negotiating the partnership agreements who testified as to "what they meant regarding the disputed terms." Hamm argued that this was evidence of surrounding circumstances, not parol evidence. In his award, the arbitrator found the agreements to be unambiguous as to each of the three questions he was tasked with answering and called Hamm's proffered testimony "on the whole, unhelpful." For example, as to one of the issues, the arbitrator explained that Hamm's proffered evidence showed only the witness's "individual 'intent', 'belief' or 'understanding' of the provision, or that 'the idea was that it should be all inclusive.'" The arbitrator concluded, "None of this testimony qualifies, or is permissible to be considered, as 'surrounding circumstances' to aid in the construction of the unambiguous language of this provision."

The arbitrator's award upheld the receiver's distribution of assets and divided the reserved $800,000. Millennium moved to confirm the arbitration award under the TAA, and Hamm moved to vacate it only under the FAA, attaching the arbitration record to the motion. Hamm argued that the arbitrator ignored the facts, ignored the law, exceeded his authority, demonstrated bias, and failed to rule on all claims. But the essence of the arguments was that Hamm disagreed with the arbitrator's findings of fact and conclusions of law.

At the hearing on the cross-motions to confirm or vacate the arbitration award, Hamm expressly and exclusively relied upon statutory grounds for vacatur under the FAA, specifically that the arbitrator "exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Hamm did not mention or argue for the application of the TAA. When the trial court specifically inquired about the scope of review, Hamm expressly invoked the FAA and argued its statutory grounds. Hamm argued that the arbitrator's award was incomplete and that the arbitrator was not impartial because he did not consider testimony from people involved in negotiating the partnership agreements who testified as to "what they meant regarding the disputed terms." The trial court confirmed the arbitration award, and Hamm appealed.

## Analysis

In three issues, Hamm challenges the trial court's confirmation of the arbitration award. Hamm argues that the trial court erred in confirming the arbitration award because the arbitrator made errors of law and fact. Hamm contends that the parties contracted for expanded judicial review, which is available under the Texas Arbitration Act and which the trial court failed to conduct.

## I.    Preservation of error

As a prerequisite to presenting a complaint for appellate review, a party must make the complaint known to the trial court by a timely request, objection, or motion that states the grounds for the ruling the complaining party sought from the trial court with sufficient specificity to make the court aware of the complaint and obtain a ruling from the trial court.  TEX. R. APP. P. 33.1.

In the trial court, Hamm expressly relied on the FAA in its motion to vacate, with no reference to the TAA.  Hamm argued, generally, that the arbitrator did not follow the law and that the arbitrator exceeded his authority and demonstrated unfair bias.  At the hearing, Hamm told the trial court that it could vacate the arbitrator's award only based on statutory grounds, which again were expressly and exclusively identified as the FAA: specifically that the arbitrator exceeded his powers and was not impartial.  The motion to vacate did not address manifest disregard of the law or assert that the parties contractually agreed to a scope of review different from the statute.  Rather, it argued directly that the arbitrator made errors of fact and law.  Hamm presented no arguments to the trial court based on the TAA, either in writing or orally at the hearing.

On appeal, Hamm devotes nearly 30 pages of briefing to arguing about how the arbitrator misapplied the law or misconstrued the facts.  Hamm contends that the parties' agreement specifies the applicability of the TAA, not the FAA, and that

8

it contractually expands the scope of judicial review. These arguments depend on the applicability of the TAA and the extension of recent case law from the Supreme Court of Texas, which held that parties can contractually expand the scope of judicial review under the TAA. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 97 (Tex. 2011), *cert. denied*, 132 S. Ct. 455 (2011). These arguments were not presented to the trial court. To the contrary, in the trial court Hamm specifically argued for the statutory vacatur grounds in the FAA. Hamm never mentioned the TAA or any expanded scope of judicial review sounding thereunder. To the extent that Hamm has raised arguments on appeal that were not presented to the trial court, they are not preserved for appellate review. *See* TEX. R. APP. P. 33.1.

## II. Confirmation of award and denial of motion to vacate

Hamm has, however, generally raised the issue that the trial court erred in confirming the arbitration award. In the trial court, Hamm moved to vacate the arbitrator's award under the FAA based on the grounds that the arbitrator exceeded his authority and was not impartial. We review de novo a trial court's confirmation of an arbitration award under the FAA. *Fogal v. Stature Constr., Inc.*, 294 S.W.3d 708, 718 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Under the FAA, a court must confirm an arbitration award unless the award is

9

vacated, modified, or corrected as prescribed by the statute.  *See* 9 U.S.C. §§ 9–11.

The FAA provides the following grounds for vacating an arbitration award:

>   (1) where the award was procured by corruption, fraud, or undue means;
>
>   (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
>   (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
>   (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* § 10(a).

The United States Supreme Court has held that the statutory grounds for vacatur are exclusive and cannot be varied or expanded by agreement.  *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584, 128 S. Ct. 1396, 1403 (2008).  In so ruling, the Supreme Court foreclosed any common-law ground for vacatur of an arbitration award under the FAA.  *See id.* at 582, 128 S. Ct. at 1402; *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 90 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (observing that "manifest disregard of the law" is not a proper grounds for vacatur after *Hall Street*); *see also Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 350 (5th Cir. 2009) (holding "manifest disregard of the law is no longer an

independent ground for vacating arbitration awards under the FAA"). Thus, under the FAA, Hamm is not entitled to de novo review of the arbitrator's award by the trial court.

Under the FAA, "[a] challenge that the arbitrator exceeded the 'power' or 'authority' granted him under the arbitration agreement is normally a challenge to the arbitrator's jurisdiction." *New Med. Horizons II, Ltd. v. Jacobson*, 317 S.W.3d 421, 429 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *e.g.*, *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 408 (Tex. App.—Dallas 2007, no pet.) (under FAA, "An arbitrator's jurisdiction is defined by the contract containing the arbitration clause and by the issues actually submitted to arbitration."). An arbitrator's authority is derived from the arbitration agreement. *See Allstyle Coil Co., L.P., v. Carreon*, 295 S.W.3d 42, 44 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *J.J. Gregory Gourmet Servs. Inc. v. Antone's Import Co.,* 927 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1995, no writ). An arbitrator exceeds his authority by deciding a matter not presented to him. *Brockman v. Tyson*, 01-03-01335-CV, 2005 WL 2850128, at *4 (Tex. App.—Houston [1st Dist.] Oct. 27, 2005, pet. denied); *accord Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.); *Barsness v. Scott*, 126 S.W.3d 232, 241 (Tex. App.—San Antonio 2003, pet. denied). However, under the FAA's limited statutory vacatur grounds, an arbitrator does not exceed his authority by

11

making a mistake of law or fact. *See J.J. Gregory*, 927 S.W.2d at 33; *Pheng Investments, Inc. v. Rodriguez*, 196 S.W.3d 322, 329 (Tex. App.—Fort Worth 2006, no pet.). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 121 S. Ct. 1724, 1728 (2001).

In the motion to vacate, Hamm did not argue that the arbitrator lacked jurisdiction or decided a matter that was not presented to him or within the scope of the parties' arbitration agreement. Rather, Hamm argued that the arbitrator made mistakes of law and fact. This does not demonstrate that the arbitrator exceeded his authority.

Hamm also argued that the arbitrator was biased. While bias is not a statutory ground for vacatur, "evident partiality" is. *See* 9 U.S.C. § 10(a)(2). However, the evident partiality standard refers to the obligation of the arbitrator to disclose dealings "'that might create an impression of possible bias.'" *Mariner Fin. Grp., Inc. v. Bossley*, 79 S.W.3d 30, 35 (Tex. 2002) (quoting *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 149, 89 S. Ct. 337 (1968)). In the motion to vacate, Hamm did not argue that the arbitrator failed to disclose dealings that might create an impression of possible bias. Rather, Hamm complained about the arbitrator's decision to allow Millennium to designate an

additional witness after the arbitrator issued an initial order resolving the parties' disputes. This does not demonstrate bias or evident partiality.

Because Hamm did not present valid grounds for vacating the award under the FAA, the trial court did not err by confirming it. *See* 9 U.S.C. §§ 9–11.

## III. Additional issues

Hamm raises three additional issues, complaining that the arbitrator exceeded his authority, was unfairly biased, and did not rule on all claims. Construing these issues broadly, we have already addressed the contentions that the arbitrator exceeded his authority and was biased. Moreover, Hamm provides no legal authority supporting his arguments as to these additional issues. The rules of appellate procedure require a party's brief to contain a "clear and concise argument" for the party's contentions and "appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). A party who fails to support his or her contentions with authority or citations to the record when appropriate waives the issue due to inadequate briefing. *E.g.*, *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 326 (Tex. App.—Houston [1st Dist] 2010, pet. struck) (holding that party waived issue by failing to cite relevant legal authority to support argument); *Morrill v. Cisek*, 226 S.W.3d 545, 548–49 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding party waived issues by failing to cite to record and authority). We hold that Hamm has waived the additional issues, and we overrule them.

13

## Conclusion

We affirm the order of the trial court.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.